**STATE of Missouri, Respondent,**

v.

**Basil P. WANDIX, Appellant.**

**No. 44643.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 9, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

David A. Horwitz, William J. Shaw, Public Defender, Robert Maurer, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Basil Wandix guilty of burglary and stealing. The trial court sentenced Wandix as a persistent offender to consecutive terms of three years in prison and one year in jail.

Here defendant first claims the court erred in admitting into evidence his incriminating admissions of the two offenses; this because there was insufficient prior evidence of the corpus delicti. By his related point defendant contends he was entitled to an acquittal because without his challenged admissions the other evidence was circumstantial and not consistent with guilt.

The state's evidence: Filling station owner John Pfister became aware twelve checks kept in his office were missing. This awareness came on August 13, 1980, two days after the alleged offense. Joyce Pfister testified she kept books in the station office; that about noon on August 11 she took a lunch break and left the office door closed or locked. Customer Carl Kinisville testified he then saw defendant at the station, a passenger in a brown Gremlin automobile. Police detective Knight testified that two days later a woman who had been driving a brown Gremlin car was arrested when using one of the stolen checks. Then came the challenged evidence. Two police officers testified that after reading the *Miranda* rights defendant admitted he had entered the office and taken the checks.

By defendant's point relied on he charges court error in admitting testimony of his incriminating statement in that there had not then been sufficient proof of the crime charged, the corpus delicti.

The corpus delicti consists of the acts forming the basis of the charge and that someone is criminally responsible therefor. *State v. Cooper*, 358 Mo. 269, 214

S.W.2d 19 [1–3] (1948). Once evidence other than defendant's confession shows the crime charged was committed by someone defendant's confession is admissible and if believed completes the case. *State v. Hardy*, 365 Mo. 107, 276 S.W.2d 90 [2–5] (banc 1955).

 As said defendant contends proof of the corpus delicti must precede evidence of his confession. Such timing is not required. In *State v. Easley*, 515 S.W.2d 600 [3–5] (Mo.App.1974) we held: "There is no hard and fast rule that evidence of the corpus delicti must precede the admission of defendant, so long as the essential elements of the crime are proved by the end of the trial." See also *State v. Page*, 580 S.W.2d 315 [7–9] (Mo.App.1979), holding: "Evidence of the corpus delicti need not have preceded the admission of defendant's statement, as long as the essential elements of the case were proved by the end of the trial." We deny defendant's primary point.

By defendant's second point he contends the evidence, apart from his confession, was insufficient. Because the confession was admissible the point is moot.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.