**STATE of Missouri, Plaintiff-Respondent,**

v.

**Michael J. SMITH, Defendant-Appellant.**

**No. 13592.**

Missouri Court of Appeals, Southern District, Division Three.

Nov. 27, 1984.

---

Wesley D. Coleman, Asst. Public Defender, Caruthersville, for defendant-appellant.

John Ashcroft, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

A jury found the appellant guilty of burglary and stealing. The court sentenced appellant as a persistent offender to 15 years imprisonment on each count, to run concurrently.

The following is a brief summary of the facts. At 12:40 a.m. on September 29, 1983, Officer Whitworth of the Caruthersville Police Department approached and stopped at the intersection of Third and Carleton Streets. The intersection was governed by four-way stop signs. The patrol car was westbound. The appellant's vehicle was northbound waiting to turn left. The officer sat at the intersection but appellant's vehicle did not pull out even though it arrived at the intersection first. The officer saw that the trunk lid was up but could not see what was in the trunk. The officer motioned for the car to proceed and it then turned in front of the patrol car. When it did, the officer saw there was a television in the trunk.

The officer stopped appellant's vehicle for investigation. He surmised that "they acted kinda suspicious when they wouldn't pull out in front of me and the trunk was up on their car." The appellant and the officer got out of their respective vehicles. In response to a call, another officer came to the scene. A conversation took place during which the police were given permission to get the serial number of the television. The appellant said the television wasn't his. He was hauling it for a guy who hired him and bought him $3 worth of gas. He didn't know the guy's name.

Because of the circumstances and incredible story, the officer placed the appellant and his passenger under arrest. Later at the police station at the time their personal belongings were taken, the appellant and his passenger each had a lady's wristwatch removed from his possession. It was later established that the wristwatches and the television had been stolen from the same dwelling.

The appellant's first point is that the trial court erred in admitting the wristwatches and the photo of the television set because the items were seized illegally. Appellant contends that the police had no probable cause to arrest, therefore the seizure of the items was invalid.

■ The appellant was lawfully stopped. "Where police officers entertain a *reasonable suspicion* that criminal activity may be afoot, they may stop the suspected person, identify themselves as police officers, require the suspect to identify himself and make reasonable inquiries concerning his activities." *State v. Lasley*, 583 S.W.2d 511, 518 (Mo. banc 1979). Reasonable suspicion is present when the officer is "able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *State v. Lasley*,

supra, at p. 518, citing *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). It is not necessary that probable cause to arrest exist. *Terry v. Ohio*, supra. The standard is whether the facts available to the officer would warrant a man of reasonable caution in the belief that the action taken was appropriate. *Terry v. Ohio*, supra.

■ The circumstances were that appellant would not proceed, the trunk of his automobile was up and bouncing around and that he was hauling a television set through the city streets in the middle of the night. The officer had reasonable suspicion to stop the appellant. *State v. McMahan*, 583 S.W.2d 540 (Mo.App.1979). Also See *State v. Purnell*, 621 S.W.2d 277 (Mo.1981).

■ An arrest requires probable cause. This is "knowledge of facts and circumstances sufficient for a prudent person to believe the suspect is committing or has committed an offense." *State v. Heitman*, 589 S.W.2d 249, 253 (Mo. banc 1979), cert. denied, 446 U.S. 941, 100 S.Ct. 2164, 64 L.Ed.2d 795 (1980). Probable cause requires more than mere suspicion but "its existence must be determined by practical considerations of everyday life on which reasonable persons act and not the hindsight of legal technicians." *State v. Heitman*, supra, at p. 253. The information in the possession of the arresting officer need not be that quantum of proof necessary to sustain a conviction. *State v. Perry*, 499 S.W.2d 473 (Mo.1973). After questioning appellant and hearing his less than credible explanation as to how he had acquired the television and why he was hauling it, a reasonable person could form that belief.

■ The fact that the police officer did not have knowledge of the particular burglary in which the items were taken did not vitiate probable cause to arrest. It was not necessary that the officer have received a report to conclude that a burglary had probably taken place. The facts presented were "sufficient to raise in the prudent man a belief that a crime has been committ-

ted" by the appellant. This constituted probable cause to arrest. *State v. Heitman*, supra, at 254.

■ It is not necessary to consider all of the possible justifications for the warrantless seizure of the television.

It has long been the rule that evidentiary matter, contraband, instrumentalities of crime, and fruits of crime, which the police and other officials discover in plain view in the course of the performance of their official duties without their having searched for these things, may be seized without warrant or the knowledge gained thereby may be used as a basis for obtaining a search warrant.

Scurlock, *Basic Principles of Arrest, Searches and Seizures, Privilege Against Self-Incrimination*, 51 U.M.K.C. Law Rev. 401, 505 (1983). Also see *State v. Smith*, 675 S.W.2d 690 (Mo.App.1984).

■ The wristwatches were properly admitted. They were obtained during an inventory search incident to a lawful arrest. *State v. Masters*, 530 S.W.2d 28 (Mo.App. 1975); *State v. Pettis*, 522 S.W.2d 12 (Mo. App.1975).

■ The appellant also asserts a photograph of a television set was improperly admitted. The basis for his point is apparently because the photographer was not identified. The officer testified it was a picture of the television taken from the appellant's trunk. The owner and her daughter identified the photograph by an identifying mark on the television portrayed. The owner further identified it as the one stolen from her and returned to her by the police. The trial court did not err in admitting the picture. *State v. Daugherty*, 631 S.W.2d 637 (Mo.1982).

Appellant's next point is that the jury panel was not a representative cross-section of the community in that one township was not represented in the jury panel on the day of trial. There were twelve townships from which names were drawn and persons from all twelve townships were summoned to appear. On the day of trial, however, for a reason not clear from the

**522**

record, there was no person from Butler township in the jury panel.

The proof required to establish a violation of the cross-section requirement of the Sixth Amendment has been repeatedly and clearly stated. See *State v. Williams,* 659 S.W.2d 778 (Mo. banc 1983). "[I]t has been held that exclusion of veniremen from a geographical area is not per se violative of the Sixth Amendment to the United States Constitution." *State v. Alexander,* 620 S.W.2d 380, 385 (Mo. banc 1981). Proof of the absence of a juror from Butler Township does not establish error. *State v. Alexander,* supra.

By two points the appellant challenges the sufficiency of the evidence. There was evidence the home of Bessie Mae Townsend was broken into on Wednesday, September 28, 1983, or Thursday, September 29, 1983; a television and wristwatches were taken from that home; and those items were found in the possession of appellant and his companion.

> The unexplained possession of recently stolen property gives rise to a permissible inference of guilt and constitutes sufficient evidence to submit a case of burglary and stealing to the jury.... Moreover, the requirement that possession of stolen goods be "unexplained" means simply that the explanation for the possession is a question for the jury. The jury rejected Pickett's explanation concerning the stolen goods.

*State v. Pickett,* 642 S.W.2d 703, 705 (Mo. App.1982) (citation omitted).

The jury rejected appellant's explanation of his possession of the television. He offered no explanation for his possession of one of the watches. The evidence was sufficient. *State v. Newberry,* 605 S.W.2d 117 (Mo.1980).

The appellant's point the state failed to prove the corpus delicti obviously is without merit. It is not necessary that the corpus delicti be proved in any particular order in the trial. *State v. Easley,* 515 S.W.2d 600 (Mo.App.1974). The fact that the proper elements were established dur-

ing the course of trial is sufficient. *State v. Wandix,* 634 S.W.2d 203 (Mo.App.1982).

For his last point the appellant contends the evidence was too conflicting to support his guilt beyond a reasonable doubt. Appellant does not cite any specific instance of conflicting testimony. This court does not find the evidence to be conflicting. Even if there were instances of inconsistencies, resolution of that testimony would be for the jury. *State v. Newberry,* supra. The judgment of the trial court is affirmed.

PREWITT, C.J., CROW, P.J., and HOGAN and TITUS, JJ., concur.