STATE of Missouri, Respondent,

v.

Clice Albert HALL, Appellant.

No. 51310.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 27, 1987.

Motion for Rehearing and/or Transfer
Denied March 4, 1987.

Application to Transfer Denied
April 14, 1987.

Michael David Burton, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for stealing—third offense—a class C felony. §§ 570.030 and 570.040, RSMo (1978). Defendant was sentenced as a prior and persistent offender to eight years' imprisonment. We affirm.

The jury found defendant, with the purpose of promoting or furthering the commission of stealing without consent, aided or encouraged one Arvin Walker in stealing a case of cologne and a case of cologne samples from Famous-Barr Company.

Defendant asserts the trial court erred in denying his motion to suppress because of lack of probable cause of the police officers to stop Walker's car and arrest defendant. He says the boxes of cologne found in plain view in the back seat of Walker's car at the time the car was stopped by police should not have been admitted into evidence. Further, the evidence the police obtained from defendant after his arrest, primarily an oral confession, should not have been used because he would not have been arrested but for the warrantless seizure of the boxes of cologne. Since the boxes were in plain view of the police officers after the stop of the car, the primary issue is whether or not the police officers had a reasonable suspicion that criminal activity was afoot in order to justify an investigatory stop of the car. *State v. Smith,* 681 S.W.2d 518, 520[1] (Mo.App.1984).

On July 16, 1985, several Clayton police officers had received information that Arvin Walker and Marvin Ruddy, both known

to the police department as car "clouters," would be near the premises of the Clayton Famous-Barr Department Store. The informant told the officers that Walker would be driving a red automobile.

Officer Trautwein observed a red Chevette pull into the rear alley of the Famous-Barr store. He recognized the driver of the car as Arvin Walker, a known criminal character. Officer Trautwein radioed other police officers in the area, and three other unmarked police cars participated in the surveillance of the Chevette. Walker and defendant (not Ruddy) entered the department store.

Walker came out of Famous-Barr carrying a tan object under his coat and he placed it on the rear seat of the car. He then drove to the east doors of Famous-Barr where he picked up defendant. Walker and defendant subsequently drove to the parking lot of Dolgins, a few blocks away. Officers observed Walker and defendant get out of the car at Dolgins and proceed in different directions. A few minutes later, Walker returned carrying a briefcase which he didn't have when he left the car. Defendant also returned. They both entered the car and drove away. A marked police car then stopped the car carrying Walker and defendant. Upon a request for identification, defendant said he didn't have any but gave his name as "James Churcher." The police officers, without a warrant, looked into the back seat and found in plain view two unopened cardboard shipping boxes of cologne marked with Famous-Barr's address, a briefcase, and another cardboard box with Walgreens markings. An officer who was present was aware of Famous-Barr's procedure not to display items in their shipping cases. Defendant and Walker were placed under arrest.

While defendant and Walker were at the police station, the police received verification that the two boxes of cologne found in the back seat of Walker's car had been stolen from Famous-Barr. Walker and defendant were given Miranda warnings. Defendant waived his right signing his name "James Churcher" to the waiver form.

During police questioning, defendant admitted engaging the sales clerk in conversation while Walker stole two boxes from the cosmetics counter at Famous-Barr. Walker also admitted being involved in the offense and signed a written statement. Police later discovered that defendant was in fact Clice Albert Hall rather than James Churcher.

■ The police officers had sufficient grounds to lawfully stop defendant based on a reasonable suspicion that he was involved in criminal activity. *Smith*, 681 S.W.2d at 520[1]. There were a number of factors which gave rise to reasonable suspicion. The police had been looking for a red Chevette, license plate number SBP–946, for over a week believing it to be involved in a number of stealings and "cloutings." The car stopped by the police matched this description. The driver of the car was recognized as a known criminal character. The activities of defendant and Walker were described as "suspicious." Walker was seen carrying a tan object under his coat which he placed on the rear seat of the car. He then drove to the east doors of Famous-Barr, picked up defendant, and drove approximately three blocks to the parking lot at Dolgins. The activities of defendant and Walker at this location were also described as "suspicious."

■ As a result of the lawful stop, police officers discovered two boxes of cologne, a briefcase, and another box lying in plain view in the back seat. They had reason to believe the two Famous-Barr boxes were stolen since they were sealed, marked with Famous-Barr's address, and not priced. As mentioned before, previous theft investigations had made an officer aware of Famous-Barr's procedure not to display items in their shipping cases, and he thought the items may have come off the loading dock.

The information obtained by the police at their investigatory stop combined with the information previously known to them provided them with probable cause to arrest defendant. *Smith*, 681 S.W.2d at 521[4]. Based on the validity of the arrest, the

motion to suppress the evidence found in the automobile and the oral confession was properly denied.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.