STATE of Missouri, Respondent,

v.

Aline POWERS, Appellant.

No. ED 82209.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 17, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 2004.

Case Transferred to Supreme Court May 25, 2004.

Case Retransferred to Court of Appeals Nov. 23, 2004.

Original Opinion Reinstated Dec. 8, 2004.

1. All statutory references are to RSMo 2000 unless otherwise indicated.

 

Arthur G. Muegler, Jr., St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Jefferson City, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Aline Powers ("Defendant") appeals the judgment entered pursuant to her conviction by a jury of stealing, third offense, section 570.040 RSMo 2000, for which she was sentenced to nine months incarceration. We affirm.

James Toppett ("Toppett"), a loss prevention officer for Shop N' Save, observed Defendant on a closed-circuit television entering the pharmacy section of the store via an entrance-only door. Defendant picked up some Sudafed, Aspirin, Visine and a bottle of Theraflu. She then proceeded to a beer display, picked up an empty beer box and placed the items inside. She then walked to the frozen food section at the store. When she entered that section, Toppett left the security office to monitor her actions because none of the store's sixteen security cameras provided a view of that area. Toppett observed Defendant pick up three quarts of orange juice and place them in the beer box. She then returned to the clearly marked entrance-only door and exited the store. A man outside, later identified as Defendant's son, triggered the electric eye that opened the door. Toppett followed Defendant outside and apprehended her. When Toppett confronted Defendant, she no longer had the beer box, which had been placed on the ground outside the store next to a pillar. Toppett took Defendant back to the security office and called the police, who arrested Defendant. A videotape showing Defendant picking up the pharmacy items, placing them in the beer box and exiting the store was admit-

ted into evidence. The jury found Defendant guilty as charged.

■ In her first point Defendant claims the trial court erred in admitting State's Exhibits 1 and 1A into evidence because there was an insufficient foundation laid. Exhibit 1 was video recording of the images captured by all sixteen video monitors throughout the store. This tape was admitted into evidence but was not played for the jury because it was recorded in a multiplex format and could not be viewed on a standard VCR. Toppett explained that if he were to attempt to play Exhibit 1 on a VCR it "would flash through the pictures real quick" and "you would just see flashes." Exhibit 1A was a regular videotape which had been dubbed to display only the scenes showing Defendant's actions. Toppett testified that he had viewed the multiplex version of the tape and the copy and that both truly and accurately reflected the events he observed on the date in question.

Defendant urges that Toppett did not lay a proper foundation for the admission of the videotapes because he observed most of the events on a television monitor in the security office so that his observations were not personal. We disagree. Toppett testified that the view on the security monitor in the security office is "real time." He saw the events as they occurred in the store. He was familiar with the store and its layout and thus was in a position to know if the monitors, and the tape made by the monitors, accurately depicted what was occurring in the store.

■ Contrary to Defendant's arguments, it is irrelevant that Mr. Toppett could not explain the intricacies of the multiplex system or precisely how selected images are transformed to ordinary videotape. He was in a position to compare the tapes with what he observed as it occurred in the store. The same principles that govern the foundation for admissibility of photographs apply to the admission of videotapes. *Phiropoulos v. Bi–State Development Agency,* 908 S.W.2d 712, 714 (Mo. App.1995). The party offering the videotape must show that it is an accurate representation of what it purports to show and foundation may be established through the testimony of any witness who is familiar with the subject matter of the tape and competent to testify from personal observation. *Id.*

Defendant also argues that foundation for Exhibit 1A was lacking because it only depicted the views from the cameras on which she appeared and not the views from all sixteen cameras. We disagree. The views from the other cameras were not relevant to any material issue in the case. *State v. Hendricks,* 456 S.W.2d 11, 13 (Mo.1970) (videotape must be relevant to a material issue in the case.)

■ In her second point, Defendant urges that the trial court erred in admitting Exhibit 1A because it violated the best evidence rule, the completeness rule and discovery rules. Defendant made no objection on any of these grounds at trial. Thus our review of this point is limited to plain error. Rule 30.20. We find no plain error.

■ In her third point, Defendant claims the trial court plainly erred in admitting Mr. Toppett's testimony because it was hearsay. Defendant made no such objection at trial so our review is again limited to plain error. As discussed above, Mr. Toppett's testimony was based on his personal observations made either in person or by means of a security monitor. It was not hearsay. Point denied.

Defendant's final three points pertain to alleged procedural or jurisdictional irregularities which we find to be without merit.

Extended discussion would be of no precendential value. We deny these points pursuant to Rule 30.25(b).

Judgment affirmed.

BOOKER T. SHAW, P.J., and GEORGE W. DRAPER III, J. concur.