**STATE of Missouri, Respondent,**

v.

**Darrell TIPTON, Appellant.**

**No. SD 29820.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 17, 2010.

Ellen H. Flottman, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Darrell Tipton seeks plain error review [1] of his double jeopardy challenge to two of five convictions he received in a jury trial. We affirm the judgment and convictions because plain error relief is inappropriate.

The sufficiency of the evidence is not at issue, and Tipton's sole point is a narrow one, so we decline to detail the sometimes grisly trial evidence. Suffice it to say that Tipton, a drifter from Tennessee, was living temporarily in a small backyard shed in Springfield. He had become acquainted with a woman whose badly decomposed body was discovered several days after Tipton skipped town, falsely claiming that his mother had died. Crime scene evidence and an autopsy indicated the victim had been stabbed with a knife and beaten in the head with a cast-iron skillet.

Tipton fled to Tennessee, stayed a few days with his mother, and then had his brother drop him off in the woods 15–20 miles away, where he lived in hiding four months before authorities apprehended him after a stakeout. He was brought back to Missouri and ultimately charged with, tried for, and found guilty of two first-degree assaults on the victim (Counts I & III),[2] two counts of armed criminal action (Counts II & IV), and unlawful use of a weapon (Count V). Only the Count III and IV convictions are challenged on appeal.

## Claim and Analysis

Tipton claims the trial court "plainly erred in entering judgment of conviction and sentence on Counts III and IV in addition to Counts I and II," thus violating Tipton's right to be free from double jeopardy, "in that the state failed to prove

---

1. Missouri Court Rule 30.20 grants appellate courts discretion to consider "plain errors affecting substantial rights" if "manifest injustice or miscarriage of justice has resulted therefrom."

2. Although we might surmise a reason from the record, we find no explanation for the decision to prosecute an assault case instead of a homicide. The charging decision, *per se,* is not before us, and in noting it, we do not mean to express or suggest any opinion about its propriety.

beyond a reasonable doubt that this was not a single continuous and uninterrupted assault allowing the formulation of new intent on the part of appellant simply because two different weapons were involved."

The double jeopardy clause bars multiple punishments for the same offense, but is not violated by punishing a defendant for more than one offense arising from the same set of facts. *State v. Tyler*, 196 S.W.3d 638, 641 (Mo.App.2006). Separate assault offenses can arise from a single set of facts " 'each time the defendant forms an intent to attack the victim.' " *State v. Harris*, 243 S.W.3d 508, 511 (Mo.App.2008)(quoting *Tyler*, 196 S.W.3d at 641). " 'If the defendant has an opportunity to reconsider his actions, each assault separated by time is considered a separate offense.' " *Id.* Factors to consider in determining whether multiple instances of physical contact constitute multiple crimes include time, place of commission, and the defendant's intent as evidenced by his conduct and utterances. *Id.*

Tipton cites and relies primarily on *Harris* and *State v. Garnett*, 298 S.W.3d 919 (Mo.App.2009). In each of these cases, there was no evidence of a separation of time sufficient to provide the defendant with an opportunity to reconsider his actions; thus, the attack had to be considered as a single assault. *Garnett*, 298 S.W.3d at 923–24; *Harris*, 243 S.W.3d at 511, 512. "Here," Tipton likewise argues, "there was no evidence presented by the state, which carried the burden of proof, that this assault was any more than one continuous event."

This burden of proof assertion is a *de facto* case of sandbagging, even if not so intended by Tipton or his counsel. Double jeopardy is an affirmative defense. *State v. Barriner*, 210 S.W.3d 285, 310 (Mo.App. 2006); *State v. Mullenix*, 73 S.W.3d 32, 34 (Mo.App.2002). Tipton admits he did not plead or raise it in the trial court, so the state had no "burden of proof" or other evidentiary obligation on that matter. Tipton cannot fairly complain that the state should have offered more evidence against an affirmative defense Tipton never raised.[3]

This case differs from *Harris* and *Garnett* because Tipton is claiming plain error. Plain error review is discretionary, used sparingly, limited to cases of strong and clearly demonstrated manifest injustice or a miscarriage of justice, and Tipton had the burden of proof. *See State v. Campbell*, 122 S.W.3d 736, 739–40 (Mo. App.2004); *State v. Leivan*, 103 S.W.3d 425, 429 (Mo.App.2003). To grant Tipton's claim under these circumstances is more likely to cause than to relieve a manifest injustice or miscarriage of justice.

Plain error relief is inappropriate; we decline to consider it and thus need not reach the state's alternative arguments for affirmance. Tipton's sole point is denied. The judgment and convictions are affirmed.

RAHMEYER and FRANCIS, JJ., concur.

---

**3.** The state urges that the record and inferences, which we must view favorably to the judgment, support a finding of two distinct acts of assault against the victim. Even if we believed otherwise, we would not reverse because the state might have offered more proof if it knew it needed to do so. We are not inclined to reverse these convictions for plain error based on an affirmative defense Tipton did not plead, try to prove, or warn the state to disprove in the trial court.