STATE of Missouri, Respondent,

v.

Michael E. McNEAR, Appellant.

No. SD 30229.

Missouri Court of Appeals,
Southern District,
Division Two.

June 27, 2011.

---

Alexa I. Pearson, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., for Respondent.

DANIEL E. SCOTT, Chief Judge.

Michael McNear ("Defendant") appeals his convictions for assault and armed criminal action. We need not relate the facts in order to address his claim that State's Exhibit 23, a store surveillance video of the incident ("video"), was improperly admitted into evidence.

Although Defendant now alleges several deficiencies in the video's evidentiary foundation, he raised only one of these at trial, and did not preserve it in his motion for new trial, which raised a different objection not asserted at trial. Other objections now asserted were not raised at trial or otherwise preserved. At best, therefore, we are limited to reviewing for plain error. *See* Rule 30.20.

## Background

The video was admitted during the victim's direct examination. He testified that he had viewed the video and it was "a fair and accurate recording" of relevant events. This colloquy followed:

[DEFENSE COUNSEL]: Objection, Your Honor. I don't think there's foundation for this, that this witness would be able to know what's on that.

THE COURT: I believe he testified he'd reviewed it.

[PROSECUTOR]: That's my response. I think I've laid the foundation through that.

[DEFENSE COUNSEL]: Okay.

THE COURT: Objection's overruled.

[PROSECUTOR]: State offers State's Exhibit 23 into evidence.

THE COURT: Objection still?

[DEFENSE COUNSEL]: No objection.

THE COURT: Received.

[PROSECUTOR]: Permission to publish this, Your Honor?

THE COURT: You may.

[PROSECUTOR]: Thank you.

[DEFENSE COUNSEL]: Your Honor, I'm going to renew my objection. Just because [the victim] has seen this doesn't mean he laid proper foundation according to the recording equipment that has been—this is an accurate reflection.

THE COURT: What do you say?

[PROSECUTOR]: I have the same response. He has reviewed the contents of this in preparation for trial, and he stated that it's fair and accurate as to his memory as to what happened between the defendant and himself.

[DEFENSE COUNSEL]: I think my objection would be directed to the fact he has no idea how this was recorded, anything about the equipment, what was taken, what was left out. He has no idea of that.

THE COURT: Well, same foundation for a photograph. It doesn't matter about that issue. This is a witness who's reviewed it, not someone who did not. I think that would be—and he was present at the time. So I still show the objection overruled.

[PROSECUTOR]: I will tell the Court we do have another witness who will testify to that foundation. But rather than recall [the victim], I just wanted to lay the foundation that way so that we could go through it this way.

THE COURT: So you will be having someone who will be dealing with some of the concerns [defense counsel] has voiced—

[PROSECUTOR]: Yeah.

THE COURT:—as far as the video?

[PROSECUTOR]: The technicalities, yes.

THE COURT: All right.

\* \* \*

THE COURT: Well, let me just follow up. [Defense counsel], do you still have an objection as to the timing issues, so [the victim] does not have to be recalled?

[DEFENSE COUNSEL]: I'll address my objections whenever the foundation's laid.

THE COURT: All right, that's fine.

The video then was played for the jury. Later, the state called the store owner to testify about his system of seven surveillance cameras, how he provided the video to police, and that he viewed the video before doing so. He also testified that his video system was working properly that evening and it was normal for the frames to be spaced a second or more apart. Defendant did not make or renew any foundation objection before, during, or after such testimony.

## Analysis

■ Arguably, we could refuse to review Defendant's claims because Missouri's established rule is "that stating 'no objection' when evidence is introduced constitutes an affirmative waiver of appellate review of the issue." *State v. Daly,* 798 S.W.2d 725, 729 (Mo.App.1990), *quoted in State v. Zelinger,* 873 S.W.2d 656, 660 (Mo. App.1994). However, there was no error, plain or otherwise.

■ Contrary to Defendant's belated trial objection, the victim did not need to know or testify how the surveillance system worked. The principles governing admission of photographs also apply to videos. One must establish that the video accurately represents what it purports to show and may do so through any witness familiar with the subject matter and competent to testify from personal observation. *See State v. Minner,* 256 S.W.3d 92, 97 (Mo. banc 2008); *State v. Powers,* 148 S.W.3d 830, 832 (Mo.App.2004); *Phiropoulos v. Bi–State Dev. Agency,* 908 S.W.2d 712, 714 (Mo.App.1995).

## Conclusion

The video was properly admitted on the victim's testimony alone. The store owner's testimony was not needed but supported admission all the more. There was no error, let alone plain error. Judgment affirmed.

RAHMEYER, P.J., and FRANCIS, J., concur.