STATE of Missouri, Respondent,

v.

Robin S. ROGGENBUCK, Appellant.

No. SC 92236.

Supreme Court of Missouri,
En Banc.

Dec. 4, 2012.

Frederick J. Ernst, Kansas City, MO, for Roggenbuck.

James B. Farnsworth and Shaun J. Mackelprang, Jefferson City, MO, for the State.

RICHARD B. TEITELMAN, Chief Justice.

Robin S. Roggenbuck appeals the circuit court's judgment convicting him of five counts of possession of child pornography. Roggenbuck asserts three points on appeal. First, he asserts that the court erred in overruling his motion to suppress an affidavit offered in support of the search warrant used to seize the evidence because the affidavit did not establish probable cause. Second, he asserts the entry of five separate convictions constitutes double jeopardy and violates his rights to due process and trial by jury. Finally, Roggenbuck asserts that the court improperly admitted hearsay evidence of the content of resumes found on his computer. The judgment is affirmed.

## I. Facts

In February 2008, a detective obtained a search warrant authorizing a search of Roggenbuck's residence and computer for child pornography. The warrant application was based primarily on information reported by a man claiming that Roggenbuck had sexually abused him. The informant reported that there were other "victims" and that Roggenbuck kept a supply of alcohol under his sink to give to "boys" so that he could "have his way with them." The informant also stated that Roggenbuck had images of children on his computer. The warrant was issued.

Police searched Roggenbuck's residence and seized his computer. A forensic analysis of the computer revealed five different pornographic photographs of young boys. Each photograph had been downloaded and saved at different times and was in a folder labeled "My Pictures" that was in a user account called "Robin." In addition to the child pornography, the "My Pictures" folder also included a photograph of Roggenbuck that was labeled as "My Pic."

As noted, a jury convicted Roggenbuck of five counts of possession of child pornography. The court sentenced Roggenbuck as a prior and persistent offender to five consecutive terms of seven years imprisonment. Roggenbuck appeals.

## II. Probable Cause

Roggenbuck's first point on appeal asserts that the circuit court erred in overruling his motion to suppress the evidence seized from his residence. He claims that the affidavit offered to support the search warrant failed to state facts sufficient to establish probable cause and that that deficiency rendered it impossible for any police officer to rely on the warrant in good faith.

The application and affidavit in support of the search warrant contained the following:

On February 13, 2008, Detective Sergeant Elizabeth Neland received information from E.D.M.1 b/m 03–17–1970, [social security # ], that Robin S. Roggenbuck, w/m 07–26–1952, at 400 Studio Drive, Building A, Apartment # 2, Platte City, Platte County, Missouri, had been sexually abusing E.D.M. for the past five months at Roggenbuck's residence. E.D.M. indicated that Roggenbuck has a computer system in the living area of the apartment. E.D.M. reported the computer system is located to the left of the door upon entry and it is placed on a glass type desk. E.D.M. stated that Roggenbuck has images of children approximately ten years of age and older on his computer system. E.D.M. stated that Roggenbuck would ask him to look at the images.

On February 13, 2008, E.D.M. informed Detective Sergeant Elizabeth Neland that Robin S. Roggenbuck had stuck his finger and other "sex toys" in his buttocks penetrating the anal cavity. E.D.M. stated the sex toys were kept under Roggenbuck's bed and that there was only one bed in the apartment. E.D.M. reported there are other victims and provided first names of these victims. E.D.M. stated Roggenbuck keeps a supply of alcohol under the kitchen sink and gives the alcohol to the boys to have his way with them.

On February 11, 2008, Nina Epperson, M.S., a psychologist, accompanied E.D.M. to the residence located at 400 Studio Drive, Building A, Apartment # 2, Platte City, Platte County, Missouri to gather his belongings and while inside the residence observed large quantities of alcohol and a large massager plugged into the bedroom wall.

Based on this affidavit, the circuit court found probable cause to warrant a search of Roggenbuck's residence and computer and the seizure of any "[p]roperty, article, material or substance that constitutes evidence of the commission of a crime" and "[p]roperty for which possession is an offense under the laws of this state."

The Fourth Amendment to the United States Constitution guarantees that no warrant shall issue except upon probable cause supported by oath or affirmation. *State v. Neher*, 213 S.W.3d 44, 48–49 (Mo. banc 2007). "In determining whether probable cause exists, the issuing magistrate or judge must 'make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* at 49, quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527, (1983). "Accordingly, in reviewing a trial court's ruling on a motion to suppress evidence seized pursuant to a search warrant, the court gives great deference to the initial judicial determination of probable cause that was made at the time the warrant issued." *Id.*, citing *State v. Berry*, 801 S.W.2d 64, 66 (Mo. banc 1990). An appellate court only will reverse if the issuing magistrate or judge clearly erred in initially determining, based on the totality of the circumstances, that probable

cause existed. *Id.,* citing *State v. Norman,* 133 S.W.3d 151, 159 (Mo.App.2004).

■ The circuit court did not err in overruling Roggenbuck's motion to suppress. First, the probable cause affidavit alleges criminal activity because the informant alleged that Roggenbuck committed specific acts of sexual abuse against the informant and that there were also "other victims" of sexual abuse perpetrated by Roggenbuck. Sexual abuse is a crime. See section 566.100, RSMo Supp.2007. Second, the affidavit states that the informant advised police that Roggenbuck kept alcohol under his sink to give to "boys" to "have his way with them." The clear implication of these allegations is that Roggenbuck violated section 311.310 by supplying alcohol to minors to commit unspecified sex crimes against those minors. Finally, these assertions were corroborated, in part, by a psychologist's first-hand observation of an electric "massager" and large quantities of alcohol in Roggenbuck's home. The totality of the circumstances detailed in the probable cause affidavit is plainly sufficient to establish that "there is a fair probability that contraband or evidence of a crime will be found in a particular place," namely, Roggenbuck's residence.

■ Roggenbuck also asserts that even if there was probable cause to search his residence, there was no basis for seizure of the computer because the affidavit does not state or suggest that the pictures of children are illegal. Roggenbuck's argument ignores the clear context of the affidavit. The allegation that Roggenbuck had images of "children approximately ten years of age or older" must be assessed in the context of the rest of the affidavit, which consists almost entirely of allega-

tions that Roggenbuck committed a variety of sex crimes. Given this context, the most reasonable conclusion to draw is that the images of children on Roggenbuck's computer are sexual in nature.[1] For this Court to hold that the search of Roggenbuck's computer was not supported by probable cause, it would have to conclude that the circuit court clearly erred and, instead, that the informant most likely was referring to perfectly innocuous images of children such as those that may be found in a family album. A review of the affidavit establishes that the warrant alleged sufficient facts to support a finding that there was probable cause that evidence of child pornography would be found on Roggenbuck's computer. The circuit court did not clearly err in overruling Roggenbuck's motion to suppress.

### III. Double Jeopardy and Right to Trial by Jury

Roggenbuck asserts that his five separate convictions and five consecutive sentences for possession of child pornography violate the double jeopardy clause. U.S. Const. amend. V. Roggenbuck argues that he did not commit five separate offenses and, instead, that he committed the single offense of possessing a "series" of illegal photographs. He also asserts that the timing of his acquisition and possession of the photographs is a fact that must be found by the jury.

■ Roggenbuck concedes failure to preserve this issue and requests plain error review under Rule 30.20. Even though Roggenbuck did not preserve his double jeopardy argument, this Court will conduct plain error review of an unpreserved double jeopardy claim if the alleged double

---

1. Possession of such images is a crime. *See* section 573.037, RSMo Supp.2007. Exhibiting such pictures, including via a computer, constitutes the crime of "promoting child pornography." Section 573.025, RSMo Supp. 2007, section 573.010(15), RSMo Supp.2007.

jeopardy violation is "determinable from the face of the record." *State v. Liberty*, 370 S.W.3d 537, 546 (Mo. banc 2012). To establish plain error, Roggenbuck bears the burden of demonstrating that an error so substantially affected his rights that a "manifest injustice or miscarriage of justice has resulted therefrom." *Id.*

 The double jeopardy clause protects a defendant both from successive prosecution for the same offense and from multiple punishments for the same offense. *Liberty*, 370 S.W.3d at 546. Roggenbuck's argument is that his five convictions constitute multiple punishments for one offense. The appropriate analysis, therefore, requires this Court to determine whether cumulative punishments were intended by the legislature. *Id.* This determination depends on the "unit of prosecution" intended by the legislature. *Id.; see also State v. Sanchez*, 186 S.W.3d 260, 267 (Mo. banc 2006).

When Roggenbuck was charged, the crime of possession of child pornography was defined as possessing "any obscene material that has a child as one of its participants or portrays what appears to be a child as an observer or participant of sexual conduct." Section 573.037. Roggenbuck's double jeopardy argument is premised on his claim that the child pornography statute is ambiguous with regard to whether possession of "any obscene material" allows for separate prosecutions for each individual obscene or pornographic image. Under Roggenbuck's analysis, section 573.037 authorizes only one "unit of prosecution." According to Roggenbuck, his multiple convictions violate double jeopardy.

In *Liberty*, this Court found that, under the facts of that case, multiple convictions of possession of child pornography, based on multiple images possessed at the same time, violated the double jeopardy clause.

*Id.* at 555. Like Roggenbuck, the defendant in *Liberty* asserted that section 573.037 authorized only one "unit of prosecution" for possession of child pornography. This Court agreed and held that "the proscription in section 573.037 against possession of 'any obscene material' is ambiguous, for it reasonably could be interpreted to permit either a single prosecution or multiple prosecutions for a single incidence of possession of [multiple] still photographs of child pornography." *Id.* at 553. Resolving the ambiguity in favor of Liberty meant that, in the context of that case, this Court was required to reverse all but one of Liberty's eight convictions for possessing child pornography. *Id.* at 555.

The context of *Liberty* is crucial, because in that case the only evidence was that, at the time of the search and seizure, Liberty possessed eight photographs depicting child pornography. In *Liberty*, both the charges and the evidence established only that Liberty possessed multiple images of child pornography at the same time. In holding that Liberty's multiple convictions violated double jeopardy, this Court specifically and repeatedly noted that, on remand, the state could "determine whether to proceed on the remaining seven counts should it believe it has evidence demonstrating separate offenses, as, for example, possession of photographs by Mr. Liberty at different times or from different sources." *Id.* at 555, see also 540, 550. As such, *Liberty* recognized that it is possible for a defendant to be convicted of multiple counts of possession of child pornography if the state can show the defendant came into possession of the pornographic materials at different times or from different sources. *Id.*

 In contrast to *Liberty*, the evidence in this case shows that Roggenbuck acquired possession of five different photographs at five different points in time

ranging from January 13, 2007, through February 1, 2007. Unlike *Liberty,* each of Roggenbuck's acts of acquisition and possession were temporally distinguishable and constituted a separate act in violation of section 573.037. Therefore, it is not "clear from the face of the record" that the circuit court lacked the power to enter convictions for each separate count.

Roggenbuck also asserts that when he came to possess each photograph is a fact that must be found by the jury. To convict an individual of a crime in a jury trial, the state must prove each element of the offense beyond a reasonable doubt. *State v. Taylor,* 238 S.W.3d 145, 148 (Mo. banc 2007). The jury is not required to find facts that are not elements of the offense, such as the location of the crime for venue purposes. *Id.* The dates on which Roggenbuck obtained possession of the images are not an element of the offense. See section 573.037. Consequently, the fact of when possession was obtained, while important to the double jeopardy analysis, is not an element of the offense that must be found by the jury. Moreover, as noted above and unlike *Liberty,* there was substantial evidence demonstrating that Roggenbuck acquired possession of the images at different times, so there is no need to remand the case for further factual findings on this issue. There was no violation of Roggenbuck's right to trial by jury or his right to due process.

## IV. Hearsay

Roggenbuck's final point is that the circuit court committed reversible error in admitting hearsay evidence of resumes found on his computer. Roggenbuck claims that testimony regarding the resumes was inadmissible hearsay because they were unauthenticated documents admitted for the truth of the matter asserted. He maintains that the resume evidence was critical to establishing his guilt and that, if the evidence had been excluded, it is likely that the jury would have reached a different result.

"A trial court's evidentiary rulings are reviewed for abuse of discretion." *State v. Davis,* 318 S.W.3d 618, 630 (Mo. banc 2010). "A trial court's decision to admit evidence is an abuse of discretion when it is clearly against the logic of the circumstances then before the court, and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Id.* (quoting *State v. Smith,* 136 S.W.3d 546, 550 (Mo.App.2004)).

The state had the burden of proving that Roggenbuck possessed child pornography while "knowing of its content and character." Section 573.037.1. The photographs were not found on Roggenbuck's person, so the state had to prove "constructive" possession of the illegal items. To prove constructive possession, the state had to show, at a minimum, that Roggenbuck had access to and control over the area where the pornography was found. *Glover v. State,* 225 S.W.3d 425, 428 (Mo. banc 2007). In possession cases, when there is joint control over premises, "evidence of additional incriminating circumstances" that imply knowledge may be required. *State v. Warren,* 304 S.W.3d 796, 800 (Mo.App.2010).

In this case, there was trial testimony suggesting that there were other potential users of the computer on which the pornography was found. Accordingly, the state presented evidence of additional incriminating circumstances to show that Roggenbuck had access to and control over the premises where the illegal photographs were found. This evidence included residential leases signed by Roggen-

buck to show that the residence was his and the fact that a copy of Roggenbuck's resume was located on the computer desktop next to a file containing the five photographs for which Roggenbuck was charged. To further demonstrate that Roggenbuck had access to and control over the pictures, the state introduced evidence that the registered owner of the computer's operating system was "Robin" and that a picture of Roggenbuck was found in the computer's "My Pictures" folder along with numerous copies of the five photographs for which Roggenbuck was charged. Finally, the state's evidence showed that the only user-created account on the system was named "Robin" and that an e-mail account on the system was named rscott52rscott@aol.com, which is consistent with the name Robin Scott Roggenbuck. All of this evidence was introduced to demonstrate that Roggenbuck had access to the computer and to the pornographic pictures. The relevance of Roggenbuck's resume was not dependent on whether the educational and occupational credentials listed in the resume were true. The relevance was premised on the fact Roggenbuck was storing personal information on the same computer and under the same user account in which the images of child pornography were discovered. This evidence was not hearsay. The circuit court did not err in overruling Roggenbuck's objection. The judgment is affirmed.

RUSSELL, BRECKENRIDGE, FISCHER, STITH and DRAPER, JJ., concur.