

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED103624 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| vs. | ) | |
| | ) | Honorable Michael E. Gardner |
| DARNELL BROWNLEE, | ) | |
| | ) | |
| Appellant. | ) | FILED: October 18, 2016 |

### Introduction

Darnell Brownlee ("Brownlee") appeals from the judgment of the trial court following a jury trial convicting him of one count of distributing a controlled substance near a school in violation of Section 195.214.[1]  In his sole point on appeal, Brownlee argues that the trial court abused its discretion by admitting into evidence, without a proper foundation, a photograph purportedly depicting Brownlee's location during the sale of the controlled substance in relation to a nearby school.  Because the authenticating witness was familiar with the depicted subject matter and could testify from his personal observations, the trial court did not abuse its discretion in admitting the photograph.  Accordingly, we affirm the judgment of the trial court.

---

[1] All statutory references are to RSMo (Cum. Supp. 2013).

<u>Factual and Procedural History</u>

The State charged Brownlee with one count of distributing a controlled substance near a school. Specifically, the State alleged that on November 18, 2014, Brownlee sold heroin to an undercover officer at 233 W. St. Joseph Street in Perryville, Missouri. The State contended that the location of the sale was within 2,000 feet of Immanuel Lutheran School (the "School") and thereby in violation of Section 195.214.

During the subsequent jury trial, the State introduced an aerial photograph depicting the location of the sale in relation to the nearby School. The photograph identified and labeled 233 W. St. Joseph Street and the School, and it provided a red circle delineating a 1,000-foot radius around the School. The State offered the testimony of Officer Jason Kelley ("Officer Kelley") to provide a foundation for authenticating the photograph. Officer Kelley stated that he was a deputy sheriff with the Perry County Sheriff's Department and had over fifteen years of experience with the department. Officer Kelley testified that he had personally observed the sale at 233 W. St. Joseph Street and was familiar with the location of the sale in relation to the surrounding area. Officer Kelley further testified the following:

Q: This is an aerial photograph of a part of the city of Perryville?
A: Yes.
Q: Now, from what location, from what source did you get this photograph?
A: I got this from Southeast Missouri Planning.
Q: And what is that?
A: It's a company—or I shouldn't say it's a company, but it's an organization that is involved in mapping and other—
Q: Provide other service?
A: —services to the community and surrounding Southeast Missouri.
Q: Okay. Are you personally familiar with the part of town that's displayed in this aerial photograph?
A: Yes.
Q: For example, way off here to the side I see what appears to be what? The courthouse?
A: The Perry County [C]ourthouse.
Q: All right. Are you familiar with all the roads in that general area?
A: Yes.

2

Q: Does this photograph fairly and accurately depict the streets, the buildings and—I guess that's it—the streets and buildings in Perryville in November of 2014?

A: Yes.

Q: All right. Have you done anything to alter or, you know, change or exaggerate any part of the things that are shown in this photograph?

A: No.

Q: Okay. This is exactly the way the Regional Planning Commission gave it to you?

A: Yes.

Q: Specifically, and the reason we're asking for His Honor to consider this, does this show the area of West Saint Joseph Street, Shelby Street, and I said North Street, but it's actually West South Street near the Immanuel Lutheran grade school?

A: That's correct.

Q: Okay. And this is a fair and accurate depiction of all of that area in November of 2014?

A: Yes.

Brownlee objected to the admission of the photograph, arguing that the trial court should not admit the photograph unless Officer Kelley was the photographer or knew the circumstances surrounding its creation. The trial court overruled Brownlee's objection and admitted the photograph into evidence.

After the jury returned a guilty verdict, Brownlee filed a motion for a new trial, contending in part that the photograph's admission into evidence deprived him of a fair trial. The trial court denied Brownlee's motion and sentenced him, as a prior and persistent offender, to twenty years in prison. This appeal follows.

Points on Appeal

In his sole point on appeal, Brownlee argues that the trial court abused its discretion in admitting the photograph into evidence. Specifically, Brownlee asserts that the State did not provide a proper foundation for the photograph because it did not offer the testimony of either the photographer or a witness who knew of the circumstances surrounding the creation of the photograph.

3

Discussion

A.     Standard of Review

Trial courts have broad discretion regarding the admission of photographs. State v. Murray, 744 S.W.2d 762, 772 (Mo. banc 1988). This broad discretion includes the trial court's determination of whether the photograph's proponent provides a proper foundation for admitting the photograph into evidence. State v. Cowles, 203 S.W.3d 303, 312 (Mo. App. S.D. 2006). We will not disturb the trial court's determination absent a clear abuse of that discretion. State v. Johnson, 207 S.W.3d 24, 42 (Mo. banc 2006). A trial court abuses this discretion when its ruling "is clearly against the logic of the circumstances then before the court, and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." State v. Roggenbuck, 387 S.W.3d 376, 382 (Mo. banc 2012) (quoting State v. Davis, 318 S.W.3d 618, 630 (Mo. banc 2010)).

B.     Admissibility of the Photograph

On appeal, Brownlee argues that because Southeast Missouri Planning created the photograph and a representative from Southeast Missouri Planning did not testify at trial, the State necessarily failed to provide a sufficient foundation for the admission of the photograph into evidence. Additionally, Brownlee asserts that the State did not establish that Officer Kelley "had seen the depiction from the air" and so he was not competent to testify from his personal observations.

Brownlee's point has no merit. To provide a proper foundation for admitting a photograph, the proponent of the photograph must show that the photograph is "an accurate representation of what it purports to show" via "the testimony of any witness who is familiar with the subject matter of the [photograph] and competent to testify from personal observation." Cowles, 203 S.W.3d at 312 (quoting State v. Powers, 148 S.W.3d 830, 832 (Mo. App. E.D.

4

2004)). As a result, the testimony of *any* witness who is familiar with the subject matter of the photograph through his or her personal observations is competent to provide a proper foundation for the photograph's admission into evidence. State v. Daugherty, 631 S.W.2d 637, 641 (Mo. banc 1982). Indeed, the creator of a photograph is not required to testify at trial in order to establish the proper foundation for a photograph. State v. McGee, 336 Mo. 1082, 1096–97 (Mo. 1935); see State v. Smith, 681 S.W.2d 518, 521 (Mo. App. S.D. 1984) (rejecting appellant's contention that the trial court improperly admitted a photograph taken by an unidentified photographer). Additionally, the witness need not know the circumstances of the creation of the photograph or necessarily have observed the exact view of the subject matter as depicted by the photograph. See State v. McNear, 343 S.W.3d 703, 704–705 (Mo. App. S.D. 2011).

Here, Officer Kelley testified that he had fifteen years of experience with the Perry County Sheriff's Department and was personally familiar with the streets, buildings, and area identified by the photograph. Viewing the photograph, Officer Kelley was able to identify certain depicted landmarks and buildings. Further, Officer Kelley knew from personal experience the area between the School and the location of the sale. Familiar with this layout of Perryville, Officer Kelley stated that the photograph accurately depicted the streets, buildings, and area at issue. As a result, Officer Kelley's testimony confirmed a level of familiarity with the subject matter of the photograph that allowed him to testify competently as to its accuracy from his personal observations. See Cowles, 203 S.W.3d at 312. Accordingly, the trial court did not abuse its discretion by admitting the photograph into evidence.

## Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Judge

James. M. Dowd, P.J., and Gary M. Gaertner, Jr., J., concur

5