

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | *Opinion issued March 18, 2025* |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SC100734 |
| | ) | |
| BRIAN K. HEATHCOCK, | ) | |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF WARREN COUNTY**
The Honorable Jason H. Lamb, Judge

Brian K. Heathcock was found guilty of one count of first-degree tampering, one count of felony resisting arrest, and one count of tampering with a victim. On appeal, Heathcock argues the circuit court erred in failing to dismiss the tampering count on double jeopardy grounds because he had already pleaded guilty to first-degree tampering in another county. Because Heathcock's convictions were predicated on two distinct acts of first-degree tampering, the judgment is affirmed.

## Facts and Procedural History

In September 2018, Heathcock was driving his girlfriend's car along an outer road with his girlfriend. He suspected she was filming him with her cell phone. He threw her cell phone out of the window of the moving car. Heathcock slowed down to allow his girlfriend to exit the car and retrieve her phone. But before she could get back in the car,

Heathcock sped off. The girlfriend reported her car stolen to Montgomery County law enforcement.

Around four hours later, a Warren County deputy sheriff spotted Heathcock driving girlfriend's vehicle in Warren County. The deputy sheriff attempted to stop the vehicle, but the driver led the deputy on a high-speed chase through several yards, a gravel road, and a creek bed. The vehicle finally stopped at a bend in the creek. When the deputy approached the vehicle, however, Heathcock was gone.

The next morning, a Warren County officer found Heathcock near a Walmart. Heathcock admitted he knew that his girlfriend would call the police as soon as he took her vehicle. He also said that sometime after stealing his girlfriend's vehicle—between 20 and 40 minutes after—he went into the nearby Walmart and stole some CDs. He left his girlfriend's keys under the driver's seat.

In October 2019, Heathcock pleaded guilty in the Montgomery County circuit court to one count of first-degree tampering for unlawfully operating his girlfriend's vehicle.

In November 2020, Heathcock was charged in Warren County with one count of first-degree tampering for unlawfully operating his girlfriend's vehicle (Count I).[1] In March 2022, Heathcock filed a motion to dismiss this count, pursuant to the Fifth Amendment's double jeopardy clause and Missouri's double jeopardy clause, because he had already pleaded guilty to first-degree tampering in Montgomery County. The circuit court overruled the motion.

---

[1] Heathcock was also charged with one count of felony resisting arrest (Count II) and one count of tampering with a victim (Count III).

A jury found Heathcock guilty of all three counts. Having previously found Heathcock to be a persistent offender, the circuit court sentenced him to five years in prison for each count. The circuit court ordered the sentences for Counts I and II to be served concurrently, and the sentence for Count III to run consecutively to Counts I and II.

Heathcock renewed his double jeopardy objection in his motion for new trial. This appeal follows.[2]

**Standard of Review**

Whether a criminal defendant's constitutional rights have been violated is a question of law. *State v. Nathan*, 522 S.W.3d 881, 885 (Mo. banc 2017). "Because double jeopardy is an affirmative defense, it is the defendant's burden to prove that double jeopardy applies." *State v. Mullenix*, 73 S.W.3d 32, 34 (Mo. App. 2002); *see also State v. Barriner*, 210 S.W.3d 285, 310 (Mo. App. 2006); *Heller v. State*, 554 S.W.3d 464, 470 (Mo. App. 2018); *Stuart v. State*, 565 S.W.3d 766, 775 (Mo. App. 2019); *State v. Ollerich*, 678 S.W.3d 147, 150 (Mo. App. 2023); *State v. Clark*, 263 S.W.3d 666, 672 (Mo. App. 2008); *State v. White*, 931 S.W.2d 825, 829 (Mo. App. 1996).[3] "Statutory interpretation is an issue of law that this Court reviews de novo." *State v. Johnson*, 524 S.W.3d 505, 510 (Mo. banc 2017) (internal quotation omitted).

---

[2] This Court transferred the case following an opinion by the court of appeals and has jurisdiction pursuant to article V, section 10 of the Missouri Constitution.

[3] To the extent *State v. Tipton*, 314 S.W.3d 378, 380 (Mo. App. 2010), and *State v. Shinkle*, 340 S.W.3d 327, 333 (Mo. App. 2011), suggest the state must put on evidence to disprove a double jeopardy violation has occurred when the defendant injects the issue of double jeopardy, these cases are incorrect and should not be followed.

## Analysis

"The double jeopardy clause of the Fifth Amendment guarantees that no person shall 'be subject for the same offense to be twice put in jeopardy of life and limb.'" *State v. Daws*, 311 S.W.3d 806, 808 (Mo. banc 2010) (quoting U.S. Const. amend. V). This double jeopardy clause[4] "protects against a second prosecution for the same offense after acquittal[,] ... a second prosecution for the same offense after conviction ... [and] multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (internal quotation omitted). "Multiple convictions are permissible if the defendant has in law and in fact committed separate crimes." *State v. Flenoy*, 968 S.W.2d 141, 143 (Mo. banc 1998). When "the charges are based on different acts or a separate *mens rea* is newly formed, the conduct gives rise to an additional crime." *State v. Tyler*, 196 S.W.3d 638, 641 (Mo. App. 2006).

"The double jeopardy analysis for a claim of multiple punishments is focused on conduct the legislature intended to proscribe under the statute and whether cumulative punishments were intended by the legislature." *State v. Hollowell*, 643 S.W.3d 329, 342 (Mo. banc 2022) (internal quotation omitted). "To determine whether the legislature intended multiple punishments, a court looks first to the 'unit of prosecution' allowed by the statutes under which the defendant was charged." *State v. Sanchez*, 186 S.W.3d 260,

---

[4] Heathcock also claims his Warren County conviction violates the Missouri Constitution's double jeopardy clause. In relevant part, this provision provides that "no person … be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury[.]" Mo. Const. art. I, §19. Because this protection is coextensive with its federal counterpart, this opinion applies to both double jeopardy clauses. *State v. Liberty*, 370 S.W.3d 537, 546 n.12 (Mo. banc 2012).

267 (Mo. banc 2006). "The scope of conduct comprising one violation of a criminal statute defines the unit of prosecution." *State v. Muldrew*, 629 S.W.3d 99, 104 (Mo. App. 2021) (internal quotation omitted).

Legislative intent is "reflected in the plain language of the statue at issue." *Johnson*, 524 S.W.3d at 510. "When determining the legislative intent of a statute, no portion of the statute is read in isolation, but rather the portions are read in context to harmonize all of the statute's provisions." *Sun Aviation, Inc. v. L-3 Commc'ns Avionics Sys., Inc.*, 533 S.W.3d 720, 724 (Mo. banc 2017) (internal quotation omitted). This "Court must give meaning to every word or phrase of the legislative enactment." *State ex rel. Jackson v. Dolan*, 398 S.W.3d 472, 479 (Mo. banc 2013) (internal quotation omitted). "When the words are clear, there is nothing to construe beyond applying the plain meaning of the law." *Johnson*, 524 S.W.3d at 511 (internal quotation omitted).

Heathcock was convicted of one count of first-degree tampering in Warren County. "A person commits the offense of tampering in the first degree if he or she … [k]nowingly receives, possesses, sells, or unlawfully operates an automobile … without the consent of the owner thereof." § 569.080.1(2), RSMo 2016. The word "operates" is not statutorily defined as used in § 569.080.1(2). "In the absence of a statutory definition, words will be given their plain and ordinary meaning as derived from the dictionary." *State v. Stewart*, 560 S.W.3d 531, 535 (Mo. banc 2018) (internal quotation omitted). In this context, "operate" means "to cause to function usually by direct personal effort: WORK < ~ a car >." *Operate*, *Webster's Third New International Dictionary* (3d ed. 1961). Therefore, each

distinct operation of an automobile can be charged as a discrete crime and does not violate double jeopardy.[5]

Here, the record supports the circuit court's determination that Heathcock committed two distinct acts of operation. As double jeopardy is an affirmative defense, Heathcock had the burden to prove to the circuit court that the Warren County prosecution violated double jeopardy. Heathcock did not meet his burden on this record.

First, Heathcock abandoned his girlfriend and operated her car without her permission in Montgomery County. After fleeing to Warren County, Heathcock entered a local Walmart for roughly 30 minutes. Heathcock then returned to the vehicle, retrieved the keys from under the seat, and operated it again at a later time when he sought to avoid arrest.

Heathcock claims that, even if he committed two distinct acts of operation, he was actually engaged in a continuous course of conduct possessing the same vehicle. The two

---

[5] This analysis is consistent with both *Liberty*, 370 S.W.3d 537, and *State v. Roggenbuck*, 387 S.W.3d 376 (Mo. banc 2012). In *Liberty*, this Court vacated seven of the defendant's convictions for possession of child pornography because the statutory phrase "any obscene material" was completely ambiguous as to whether the scope of conduct encompassed possession of each individual item of child pornography or possessing the "material" as a whole. 370 S.W.3d at 547-53. But on remand, the defendant could still be convicted of each separate count if the state had "evidence demonstrating separate offenses, as, for example, possession of the photographs by Mr. Liberty at different times or from different sources." *Id.* at 555.

This Court reiterated that point in *Roggenbuck*. As in *Liberty*, the defendant was convicted of five separate counts of possession of child pornography. 387 S.W.3d at 378. Unlike in *Liberty*, however, the defendant in *Roggenbuck* "acquired possession of five different photographs at five different points in time." *Id.* at 381-82. Because each of the defendant's "acts of acquisition and possession were temporally distinguishable and constituted a separate" proscribed act, the defendant's multiple convictions under the same statute did not violate double jeopardy. *Id.* at 382.

charging documents, and the record below, refute this claim. Heathcock was charged with two separate acts of operation. A "prosecutor has broad discretion to determine when, if, and how criminal laws are to be enforced." *State v. Honeycutt*, 96 S.W.3d 85, 89 (Mo. banc 2003). "Where a defendant's underlying conduct potentially constitutes multiple different criminal offenses, it is for a prosecutor to decide which offense to charge; a defendant cannot override that exercise of prosecutorial discretion by arguing that another offense *could have been* charged." *State v. Conaway*, 557 S.W.3d 372, 384 (Mo. App. 2018).

Section 556.041(4), RSMo 2016, does not prohibit Heathcock's convictions because the record supports the circuit court's determination that his tampering by unlawful operation of the motor vehicle was not a continuous cause of conduct that was uninterrupted. As previously stated, Heathcock's convictions were for two separate instances of unlawfully operating his girlfriend's vehicle. Because these convictions did not involve the same conduct, § 556.041 does not apply.

### Conclusion

Heathcock's convictions for two separate acts of unlawfully operating a vehicle do not violate double jeopardy. The circuit court's judgment is affirmed.

_____
Zel M. Fischer, Judge

Russell, C.J., Powell, Ransom, Wilson and Gooch, JJ., concur.
Broniec, J., not participating.

7