**STATE of Missouri, Respondent,**

v.

**Edwin W. MINNER, Appellant.**

**No. SC 88986.**

Supreme Court of Missouri,
En Banc.

June 30, 2008.

Craig A. Johnston, Office of the Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joshua N. Corman, Asst. Atty. Gen., Jefferson City, for respondent.

RICHARD B. TEITELMAN, Judge.

Edwin Minner appeals his conviction for violating section 195.218, RSMo Supp.2003, which prohibits the delivery of a controlled substance within 1,000 feet of "public housing or other governmental assisted housing." The State failed to prove that Minner knew he was within one thousand feet of public housing when he delivered a controlled substance. The judgment is reversed. The case is remanded for an entry of conviction for the class B felony of delivery of a controlled substance under section 195.211.[1]

### FACTS

On August 16, 2004, officers Hensley and Rataj of the New Madrid County Sheriff's Department used an undercover female informant to make a controlled drug purchase. Prior to sending the informant out, the officers searched her pockets, shoes, socks, and her vehicle to ensure that she did not possess any controlled substances. No controlled substances were found. The officers did not search under the informant's undergarments. Officer Hensley equipped the informant's car with two video cameras positioned to record any transaction that occurred outside the driver's side windows. While the informant was driving, Minner approached the vehicle. The informant stopped. Minner went into residence and returned with crack cocaine. The informant drove away, met officer Hensley, and turned over the crack that she had purchased from Minner.

The transaction took place 427.5 feet from a governmental assisted housing apartment. Officer Hensley testified that he knew that the transaction occurred within one thousand feet of the apartment because he had a list of the addresses of all government subsidized housing in the county. Minner was convicted of delivery of a controlled substance within 1000 feet of governmental assisted housing, section 195.218, RSMo. Supp.2003. The circuit court sentenced Minner as a prior offender to an eighteen-year term of imprisonment.

### I.

■■■ In determining the sufficiency of the evidence on appeal, appellate courts view the evidence in the light most favorable to the verdict, accepting as true all of the State's evidence, giving the State the benefit of all inferences and disregarding all evidence and inferences contrary to a finding of guilt. *State v. Burrell,* 160 S.W.3d 798, 801 (Mo. banc 2005). The evidence favorable to the verdict is accepted as true, and all evidence and inferences to the contrary are disregarded. Id.

■■■ Minner first argues that the trial court erred in overruling his motion for judgment of acquittal because the State did not prove beyond a reasonable doubt that he violated section 195.218 by knowingly delivering crack cocaine within 1,000 feet of public housing or other governmental assisted housing. Section 195.218.1 provides that:

> A person commits the offense of distribution of a controlled substance near public housing or other governmental assisted housing if he violates section 195.211 by unlawfully distributing or delivering any controlled substance to a person in or on, or within one thousand feet of the real property comprising public housing or other governmental assisted housing.

The State argues that section 195.218 is not a separate offense and is, instead, simply a penalty enhancement that can be applied without proving that a defendant

1. All statutory references are to RSMo 2000 unless otherwise specified.

was aware of his or her proximity to public housing.

The State's position is supported by *State v. Hatton*, 918 S.W.2d 790 (Mo. banc 1996). In *Hatton*, the Court concluded that section 195.218 is not a separate offense and is, instead, a penalty enhancement for violating section 195.211. The Court reasoned that:

> Appellants' real complaint is that they did not know they were within one thousand feet of public housing when they carried out their plan to sell crack cocaine. This ignorance is not a product of appellants' inability to understand the statute. It is the result of their failure to determine the existence of and their distance from public housing. The burden of ascertaining those facts lies with appellants under the statute. The due process clause simply does not require that the state prove appellant's knowledge of his proximity to public housing, nor does it require the state prove appellant's knowledge that the property is classified as public housing, before it will allow the state to enhance the punishment for a crime appellant intentionally committed.

*Id.* at 794.

The reasoning in *Hatton* is not consistent with the plain language of section 195.218. The plain language of section 195.218 demonstrates that the statute is a separate offense and not a penalty enhancement. The statute unambiguously defines a separate offense by setting forth two distinct elements that must be proven in order to sustain a conviction for "the offense of" distributing controlled substances within 1,000 feet of public or governmental assisted housing. A person "*commits the offense of* distribution of a controlled substance near public housing or other governmental assisted housing" by (1) unlawfully distributing a controlled substance in violation of section 195.211 and (2) doing so within one thousand feet of public housing. The *Hatton* case is overruled insofar as it indicates that section 195.218 is not a separate offense and does not require the State to prove the defendant's knowledge of proximity to public housing.

The necessity of proving the defendant's knowledge is further established by section 562.021.3, which provides that "if the definition of any offense does not expressly prescribe a culpable mental state for any elements of the offense, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly; but reckless or criminally negligent acts do not establish such culpable mental state." Sections 195.218 and 195.211 do not specifically mention a requisite mental state. Therefore, in order for a defendant to be found guilty under either section 195.218 or section 195.211, he or she must have acted purposely or knowingly. A person acts "knowingly" when he or she is aware of the nature of the conduct or that those circumstances exist. Section 562.016.3. The State had to prove that Minner knew he was within 1,000 feet of the governmental assisted apartment when he delivered the controlled substance in violation of section 195.211.

In this case, there was no evidence that Minner knew he was within 1,000 feet of governmental assisted housing when he delivered the controlled substance. The State does not argue that Minner had such knowledge, and nothing in the record indicates that he did. Therefore, the evidence is insufficient to sustain Minner's conviction under section 195.218. However, there was sufficient evidence to support a conviction for delivery of a controlled substance in violation of section 195.211. The case is remanded for an entry of conviction

for the class B felony of delivery of a controlled substance under section 195.211.

## II.

■ In his next point, Minner sets out two grounds to support his argument that there is insufficient evidence to prove that he delivered a controlled substance. First, Minner argues that it is possible the informant could have already possessed the cocaine because she was not subjected to a full body search. The evidence refutes this claim. Before the informant purchased the drugs from Minner, the officers searched her, her car and every container in the car to ensure that the informant did not already possess any controlled substances. No controlled substances were found. The informant purchased crack cocaine from Minner and then turned the drugs over to officer Hensley. Officer Hensley once again searched the informant and her car and did not find the money he had given her to buy drugs or any additional controlled substances. The videotapes showed a curbside transaction in which the informant exchanged money out of the driver's side window in return for an object. This evidence would permit a reasonable juror to find that the confidential informant purchased the crack cocaine during a curbside transaction.

Second, Minner argues that the videotape did not show that he was the person who sold the drugs. This argument is without merit. The jury watched the videotapes and concluded that it was Minner, the defendant in the courtroom, who delivered the crack cocaine to the informant. Viewing the evidence in a light most favorable to the verdict, there was sufficient evidence so that a reasonable juror could determine that Minner was the person who delivered the crack cocaine to the informant.

## III.

■ Minner also argues that the trial court erred in admitting statements he made to officer Hensley while in jail. Minner contends that he was not advised of his *Miranda* rights prior to questioning.

Shortly after Minner's arrest, officer Hensley went to the jail to ask Minner why Minner had not contacted him about working as an informant for the Southeast Missouri drug task force. Instead of responding to the question, Minner began to talk about this case. Officer Hensley told Minner he only wanted to know why Minner had not contacted him about the task force. Minner persisted in talking about this case and repeatedly denied his involvement. Officer Hensley responded by telling Minner that he had him on tape selling drugs. Minner then said that he usually does not sell drugs, but admitted that he occasionally delivers drugs on the street for his cousin. Both of these statements were admitted at trial through officer Hensley's testimony.

The parties dispute whether Minner made a timely objection so as to preserve this issue for appellate review. Assuming *arguendo* that the issue was preserved and that it was error to admit officer Hensley's testimony, Minner cannot establish reversible error. "A properly-preserved federal constitutional error in a criminal trial does not require reversal and remand for a new trial if the reviewing court determines that the error was harmless beyond a reasonable doubt." *State v. Lopez,* 128 S.W.3d 195, 201 (Mo.App.2004) (citing *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).

Minner was videotaped selling drugs to the informant. The jury viewed the videotapes at trial and in deliberations and concluded that Minner was the man who sold drugs to the informant. Officer Hensley identified Minner from the video. Even

without officer Hensley's testimony regarding Minner statements in jail, the videotapes provided the jury with ample basis to conclude that Minner sold drugs to the informant.

## IV.

■ As his next point on appeal, Minner claims that the trial court erred by admitting the videotapes of the drug sale transaction, because the State failed to lay the proper foundation. Whether a sufficient foundation has been established for an exhibit is a decision within the broad discretion of the trial court. *State v. Copeland*, 928 S.W.2d 828, 846 (Mo. banc 1996). "The party offering a videotape in evidence must show that it is an accurate and faithful representation of what it purports to show." *Phiropoulos v. Bi–State Development Agency*, 908 S.W.2d 712, 714 (Mo. App.1995). The foundation may be established through the testimony of any witness who is familiar with the subject matter of the tape and competent to testify from personal observation. *State v. Powers*, 148 S.W.3d 830, 832 (Mo.App.2004).

At trial, officer Hensley testified that he set up two video cameras in the car to record any activities that occurred outside the driver's side window. Officer Hensley observed the informant from a distance of approximately five hundred feet. After the sale had been accomplished, officer Hensley collected the drugs and the cameras and sealed them in evidence envelopes. Officer Hensley testified that the tapes were transferred from 8 mm tapes to VHS tapes but that no changes were made to them. Officer Hensley testified that he watched the videos after the sale was completed and that it was a fair and accurate representation of what he witnessed.

■ Minner argues that the foundation is insufficient because, contrary to officer Hensley's recollection that only one man approached the informant's car, the videos showed two men walking up to the car. A sufficient foundation for admitting a videotape can be made by a person who is familiar with the subject matter of the tape and is competent to testify to the subject matter from personal knowledge. *Phiropoulos*, 908 S.W.2d at 714. Officer Hensley's testimony established that he was familiar with the subject matter of the tape and how the tapes were recorded. The fact remains that Minner was recorded delivering drugs to the informant, and there was no indication that the tapes did not accurately reflect the transaction. That officer Hensley did not recall that two men initially approached the informant's vehicle does not mean that the tapes themselves do not depict the transaction at issue. The court did not abuse its discretion by finding that officer Hensley established a proper foundation for the videotapes and admitting the tapes into evidence.

## V.

■ Finally, Minner argues that the trial court plainly erred by allowing officer Hensley to identify him as the man on the surveillance tapes because it invaded the province of the jury. Plain error requires a finding that the trial court's error resulted in manifest injustice or miscarriage of justice. *Hensley v. Jackson County*, 227 S.W.3d 491, 497 (Mo. banc 2007).

■ Generally, a lay witness may not testify as to an opinion on a matter in dispute. *State v. Winston*, 959 S.W.2d 874, 877 (Mo.App.1997). The rationale underlying this "opinion rule" is that because the lay witness does not possess specialized knowledge on the matter, the jury is as capable as the witness to draw conclusions from the facts provided. *Id.; State*

*v. Gardner,* 955 S.W.2d 819, 823 (Mo.App. 1997).

The jury viewed the videotapes at trial and in deliberations and concluded that Minner was the man who delivered the drugs to the informant. Officer Hensley's testimony did not prejudice Minner. There is no indication the jury could not identify Minner from the videos or that officer Hensley's testimony interfered with the jury's independent identification. There was no manifest injustice resulting in plain error.

## VI.

The evidence is insufficient to sustain Minner's conviction under section 195.218. However, there was sufficient evidence to support a conviction for delivery of a controlled substance in violation of section 195.211. The judgment is reversed, and the case is remanded for an entry of conviction for the class B felony of delivery of a controlled substance under section 195.211.

STITH, C.J., WOLFF and BRECKENRIDGE, JJ., concur.

PRICE, J., dissents in separate opinion filed.

LIMBAUGH and RUSSELL, JJ., concur in opinion of PRICE, J.

WILLIAM RAY PRICE, JR., Judge, dissenting.

I respectfully dissent insofar as the majority holds that section 195.218 creates a separate offense. In 1996, this Court concluded that section 195.218 is a punishment-enhancement provision and, therefore, does not create a separate offense. *State v. Hatton,* 918 S.W.2d 790, 794 (Mo. banc 1996). The majority does not cite any legislative action or judicial opinion in the intervening twelve years that suggests a need to revisit this settled conclusion. In fact, the General Assembly reenacted section 195.218 in 2003, adding further weight to this Court's prior interpretation. *See, e.g.,* 2B Sutherland Statutory Construction section 49:9 (7th ed.). Because *Hatton* controls, I would affirm the circuit court's judgment.