William APPLEWHITE,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. SD 28987.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 10, 2009.

Jessica M. Hathaway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joshua N. Corman, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

William Applewhite (movant) was convicted, following a plea of guilty, of distribution of a controlled substance near a school, § 195.214.[1] Execution of sentence was suspended and movant was placed on probation. The plea of guilty, sentence, and probation were pursuant to a negotiated plea agreement.

■ Movant's probation was later revoked and his sentence ordered executed. Following his incarceration, movant filed a motion for post-conviction relief as permitted by Rule 24.035. Counsel was appointed and an amended motion filed. Findings of Fact and Conclusions of Law were en-

1. References to statutes are to RSMo Supp. 2003 unless stated otherwise.

tered in the circuit court and movant's Rule 24.035 motion was denied.[2] This court affirms.

Movant asserts one point on appeal. He argues that the motion court erred in denying his Rule 24.035 motion "because [movant's] guilty plea lacked a factual basis in violation of Rule 24.02, in that the plea only established that 630 Dorothy Street was within 2000 feet of a school, and did not reflect that [movant] knew that 630 Dorothy Street was within 2000 feet of a school when he sold $10 worth of marijuana from that address."[3]

Movant pleaded guilty to the offense of distribution of a controlled substance near schools as defined by § 195.214.1. The statute states:

A person commits the offense of distribution of a controlled substance near schools if such person violates section 195.211 by unlawfully distributing or delivering any controlled substance to a person in or on, or within two thousand feet of, the real property comprising a public or private elementary or secondary school, public vocational school, or a public or private junior college, college or university or on any school bus.

Section 195.211.1 declares that the distribution, delivery, manufacture, or production of a controlled substance, with exceptions not applicable here, is a criminal offense. Section 195.214.2 provides that distribution of a controlled substance near schools is a class A felony; that the punishment assessed shall be served without probation or parole if the court finds the defendant is a persistent drug offender.

Movant's plea of guilty was entered and sentence imposed January 17, 2006. At the time movant was sentenced, the applicable law with respect to the issue asserted in Point I had been declared in *State v. Hatton*, 918 S.W.2d 790 (Mo.banc 1996). *Hatton* involved a violation of § 195.218, RSMo 1994. Section 195.218, RSMo 1994, made the distribution of a controlled substance within 1,000 feet of the real property comprising public housing or other governmental assisted housing a class A felony. The defendant in *Hatton* (and the defendant in the companion case the opinion addressed) argued that there was no evidence that they knew they were within 1,000 feet of a public housing facility when they undertook to sell a controlled substance. *Hatton* held:

The due process clause simply does not require that the state prove appellant's knowledge of his proximity to public housing, nor does it require the state

**2.** What is included in the Legal File in this case as the Findings of Fact and Conclusions of Law is entitled "Respondent's Proposed Findings of Fact and Conclusions of Law." There appears on the last page of that pleading the words "SO ORDERED" followed by a signature and signature block for "Honorable Scott T. Horman[,] Scott County Associate Circuit Judge[,] Division 5." The date "1/7/08" appears to the right of the judge's signature. A better practice is for the judge who hears and determines a post-conviction motion to enter findings of fact and conclusions of law with an appropriate title rather than signing what has been filed by one of the parties as proposed findings. Further, there does not appear to be language in the document that specifically "sustain[s] or over-

rul[es][the] motion filed under the provisions of ... Rule 24.035." Rule 24.035(k). There is a typed docket entry, separate from the document that bears the judge's signature, dated "07–Jan–2008" that states "Judgment in favor of Respondent" followed by what this court presumes are lower case initials "llf." A better practice is for circuit court records to be more formal and precise than those included in the Legal File that is part of the Record on Appeal in this case.

**3.** Rule 24.02(e) states, "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea."

prove appellant's knowledge that the property is classified as public housing, before it will allow the state to enhance the punishment for a crime appellant intentionally committed.

918 S.W.2d at 794.

The declaration in *Hatton* that statutes creating offenses for conduct within a prescribed distance of a designated type of facility did not require proof that the person charged with violating such a statute knew he or she was within the prohibited distance was the law of this state when movant pleaded guilty and was sentenced.[4] "As the most recent decision of the Supreme Court of Missouri it was binding upon all inferior courts. Mo. Const. art. V § 2." *Scott v. State,* 691 S.W.2d 291, 293 (Mo.App.1985).

■■■■ The sentencing court did not address whether movant was aware of his distance from a public school when he committed the acts that prompted his plea of guilty to distribution of a controlled substance near a school. Because that was not required by the law in effect at the time movant was sentenced, it did not constitute failure to establish a factual basis for movant's plea of guilty. "[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. U.S.,* 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). *See also Davis v. State,* 517 S.W.2d 97, 104 (Mo.banc 1974). Furthermore, "due process does not require that a defendant be informed of each element of the offense at the plea hearing." *Wagoner v. State,* 240 S.W.3d 159, 165 (Mo.App.

2007). The purpose served by determining that a factual basis exists for a plea of guilty is that it aids in determining that a plea of guilty is entered voluntarily and intelligently. *Mosby v. State,* 236 S.W.3d 670, 676–77 (Mo.App.2007). The findings and conclusions of the motion court are not clearly erroneous. The judgment is affirmed.

BURRELL, P.J., and RAHMEYER, J., concur.

---

4. Although *Hatton* was the law at the time movant was sentenced, it was overruled in *State v. Minner,* 256 S.W.3d 92, 95 (Mo.banc 2008), filed June 30, 2008. *Minner* declared, "The *Hatton* case is overruled insofar as it indicates that section 195.218 is not a separate offense and does not require the State to prove the defendant's knowledge of proximity to public housing." *Id.*