Robert W. JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 74813.

Missouri Court of Appeals,
Western District.

June 11, 2013.

Samuel E. Buffaloe, for Appellant.

Evan J. Buchheim, for Respondent.

Before Division One: MARK D. PFEIFFER, Presiding Judge, VICTOR C. HOWARD, Judge and ALOK AHUJA, Judge.

VICTOR C. HOWARD, Judge.

Robert Johnson appeals the denial of his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. Johnson claims that his guilty pleas were involuntary, unknowing, and unintelligent due to his counsel's ineffective assistance and the trial court's failure to establish a factual basis for the plea. The judgment is reversed and remanded.

## Background

In August 2007, Robert Johnson was charged with three counts of distributing a controlled substance near a school in violation of section 195.214, RSMo,[1] a class A felony. The statute provides that:

> [a] person commits the offense of distribution of a controlled substance near schools if such person violates section 195.211 by unlawfully distributing or delivering any controlled substance to a person in or on, *or within two thousand feet of,* the real property comprising a public or private elementary or secondary school[.]

§ 195.214.1, RSMo[2] (emphasis added). The State alleged that on three separate occasions in June 2007, Johnson had sold marijuana within 2,000 feet of an elementary school in Chillicothe.

Johnson was represented by Public Defender Jane Dunn at his plea hearing on August 15, 2007. Pursuant to a written plea agreement, Johnson entered guilty pleas on all three counts, and the State recommended three ten-year prison sentences, to be served consecutively. Also pursuant to the plea agreement, the prosecutor recommended that the court stay execution of the sentences and place Johnson on five years of supervised probation.

At the plea hearing, Johnson acknowledged that he had signed a written plea agreement. He admitted that he had sold marijuana to his cousin on each of the dates specified in the information, twice at his own home and once at his place of business. The State presented evidence that both locations were less than 2,000 feet from an elementary school. At the conclusion of the hearing, the court accept-

---

1. Statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2006 cumulative supplement.

2. In order to be guilty of violating section 195.214.1, a person must have violated section 195.211.1, which makes it "unlawful for any person to distribute, deliver, manufacture, produce … a controlled substance" (with certain exceptions that are not relevant here). *See State v. Crump*, 986 S.W.2d 180, 186 (Mo.App.1999).

ed Johnson's guilty pleas and ordered a sentencing assessment report.

On September 14, 2007, Johnson appeared for sentencing represented by a different attorney from the public defender's office, Sherri Nelson. The judge expressed concern that Johnson might not be able to successfully complete five years of probation and noted the lengthy prison sentence he faced if he did not. The court asked Johnson if he would not "rather do a smaller sentence now and just get it done." Johnson rejected the court's offer. He told the court that he wanted to "go ahead with probation." He also assured the court that he could successfully complete probation. The court sentenced him in accordance with the State's recommendation.

Less than two years later, Johnson's probation was revoked, and the court ordered his thirty-year sentence executed. Johnson then filed a *pro se* Rule 24.035 motion for post-conviction relief. Appointed counsel filed an amended motion that raised the same allegations that Johnson now asserts on appeal, *i.e.*, that sentencing counsel was ineffective for failing to discuss with him the court's proposed alternative sentence; that plea counsel was ineffective in failing to inform him that the State would have to prove he knew he was within 2,000 feet of a school when he sold marijuana; and that there was an insufficient factual basis for the guilty plea because the court did not establish that he knew of his proximity to the school.

At the evidentiary hearing on his 24.035 motion, Johnson's plea counsel, Attorney Dunn, testified, as did the attorney who represented him at sentencing, Attorney Nelson. Johnson testified, *inter alia*, that he did not know whether he was within 2,000 feet of a school when he distributed the marijuana, that he did not know the State would have to prove his knowledge of that fact at trial, and that he would not

have pled guilty had he known the State would have to prove that at trial.

The motion court denied Johnson's motion. The court found no ineffectiveness of sentencing counsel, noting that Johnson twice, under oath, turned down the court's offer of a shorter sentence with no probation. The court also found that plea counsel was not ineffective because the court's research showed that the State was not required, at the time of the offense, to show that Johnson knew he was within 2,000 feet of a school. The court did not make a detailed finding on the factual basis claim but had already decided that Johnson's knowledge of his proximity to the school was not an element of the offense, which was the underlying basis of that claim. The motion court concluded that Johnson "understood the nature of the charges, and freely, voluntarily, and knowingly entered his plea to those charges." This appeal follows.

## Standard of Review

■ Appellate review of the denial of a motion for post-conviction relief is limited to a determination as to whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). The motion court's findings and conclusions are presumed correct and will be overturned only if, after reviewing the record, this court is left with the definite and firm impression that a mistake has been made. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). The movant bears the burden of proving his claims for relief by a preponderance of the evidence. Rule 24.035(i).

## Points I and II: Knowledge–of–Proximity Element

Johnson's Points I and II both relate to his contention that the motion court erred in determining that, at the time of the

offenses, his plea hearing, and sentencing, section 195.214 did not require the State to prove the defendant's knowledge of his proximity to a school when he sold an illegal substance. We address the claims together.

Johnson first contends that his plea counsel rendered ineffective assistance by failing to advise him that the State would have to prove that he *knew* he was less than 2,000 feet from a school when he sold the marijuana. Had he known this, Johnson says, he would not have pled guilty but would have chosen to go to trial; thus, counsel's ineffective assistance rendered his guilty plea involuntary and unknowing.

To prevail on an ineffective assistance of counsel claim, the movant must prove by a preponderance of the evidence that: (1) counsel failed to exercise the level of skill and diligence of a reasonably competent attorney; and (2) that he was thereby prejudiced. *Zink*, 278 S.W.3d at 175 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A movant claiming ineffective assistance must overcome a strong presumption that counsel provided competent representation. *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005). A defendant who enters a guilty plea waives all claims that counsel was ineffective "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Id.* In order to show prejudice in a guilty plea case, a defendant must prove that, but for the errors of counsel, he would not have pled guilty, but would have chosen to go to trial. *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997).

At the evidentiary hearing on his 24.035 motion, Johnson testified that he did not know whether he was within 2,000 feet of a school when he distributed marijuana, nor did he know that the State would have to prove his knowledge of that fact. He said

that had he known the State would have to prove that at trial, he would not have pled guilty but would have gone to trial. Johnson's plea counsel first agreed that the defendant's knowledge of the distance from the school is an element of the crime. Later, she said that she thought, based on research she had done around the time of Johnson's plea, that his personal knowledge of the school's location was irrelevant if the building was clearly marked. She had no memory of having any discussion with Johnson about whether the State would have to prove his knowledge of his proximity to the school.

In his second point, Johnson contends that the plea colloquy failed to establish a factual basis for his plea, as required by Rule 24.02(e), because the record fails to establish an essential element of the crime, *i.e.*, that he *knew*, at the time of the alleged offenses, that the locations from which he sold marijuana were within 2,000 feet of a school. Johnson says the plea court's failure rendered his plea involuntary, unknowing, and unintelligent. Had the court informed him that the State would have to prove that he *knew* he was within 2,000 feet of a school when he sold the marijuana, Johnson says, he would not have pled guilty but would have gone to trial.

Under Rule 24.02(e), the plea court may not enter a judgment upon a guilty plea "unless it determines that there is a factual basis for the plea." The Rule's purpose "is to aid in the constitutionally required determination that a defendant enter [his or her] plea of guilty intelligently and voluntarily." *Chipman v. State*, 274 S.W.3d 468, 472 (Mo.App.2008). A factual basis is established where the information clearly charges the defendant with all elements of the crime, the nature of the charge is explained to the defendant, and

the defendant admits guilt. *Mitchell v. State*, 337 S.W.3d 68, 70 (Mo.App.2011).

At the plea hearing, the court informed Johnson that he was being charged with three counts of "Distribution of a Controlled Substance Near Schools." The court asked Johnson about the locations from which he sold marijuana:

Q [The Court]: This first one was at [XX] Walnut Street here in Chillicothe. Where is that at?

A [Defendant]: That was my residence.

Q: That was your residence. Was that within 2,000 feet of the Central Elementary School?

A: Yes, I don't know for sure—

Q: You haven't gotten to get out and measure it. Well, we'll see how they know it's within 2,000 [feet] here in a little bit. This second one looks like it's at [XX] Elm Street. Where is that at?

A: My place of business.

. . . .

Q: Is there a school close to that, too?

A: Yes, that's Central Elementary School.

In reciting what the State's evidence would be at trial, the prosecutor stated that the measured distance from Johnson's home to Central Elementary School was 1,500 feet, and the distance from Johnson's place of business to the school was even closer.

Johnson acknowledged that he understood the charges against him, and he pled guilty to all three counts.

On both Points I and II, the ultimate issue is this: was knowledge-of-proximity an element of the offense under section 195.214.1 at all times relevant to this case?

The motion court concluded at the post-conviction hearing that the State was not required to prove that Johnson *knowingly* sold drugs within 2,000 feet of a school. The court relied, in significant part, on *State v. Hatton*, 918 S.W.2d 790 (Mo. banc 1996), which interpreted section 195.218, RSMo.[3] Section 195.218 criminalizes the sale of drugs within 1,000 feet of publicly-assisted housing, and is worded very similarly to section 195.214.1. *Hatton* held that, under section 195.218, the State was not required to prove that a defendant knowingly sold drugs near public housing. 918 S.W.2d at 794.

Under normal circumstances, we would apply *Hatton*'s interpretation of section 195.218 to section 195.214.1, given the similarity in the wording of the two statutes. And, although *Hatton* was overruled by the Missouri Supreme Court in *State v. Minner*, 256 S.W.3d 92 (Mo. banc 2008), that was *after* Johnson's sentencing.[4]

In concluding that *Hatton* controlled here, the motion court quoted extensively from *Applewhite v. State*, 276 S.W.3d 900 (Mo.App.S.D.2009), in which the Southern

---

3. Section 195.218.1 states:

A person commits the offense of distribution of a controlled substance near public housing or other governmental assisted housing if he violates section 195.211 by unlawfully distributing or delivering any controlled substance to a person in or on, or within one thousand feet of the real property comprising public housing or other governmental assisted housing.

4. The *Minner* court held that "[t]he *Hatton* case is overruled insofar as it indicates that section 195.218 is not a separate offense and

does not require the State to prove the defendant's knowledge of proximity to public housing." 256 S.W.3d at 95. The court explained that because neither 195.218 nor 195.211 specifically mentions a requisite mental state, the State must prove that the defendant acted "purposely or knowingly," and the State must prove that the defendant was aware that he was within the proscribed distance of public housing when he delivered the controlled substance. *Id.* (citing §§ 562.021.3 and 562.016.3, RSMo 2000).

District rejected a claim virtually identical to Johnson's "inadequate factual basis" argument. *Applewhite* (which, like this case, involved section 195.214.1) holds that "[t]he declaration in *Hatton* that statutes creating offenses for conduct within a prescribed distance of a designated type of facility did not require proof that the person charged with violating such a statute knew he or she was within the prohibited distance was the law of this state when movant pleaded guilty and was sentenced." *Id.* at 902.

We are of the opinion that *Applewhite* was incorrectly decided, and we decline to follow it. Subsequent to *Hatton,* the General Assembly significantly amended the statutes specifying the state-of-mind requirements applicable to criminal offenses generally. In particular, in 1997 the legislature enacted what is now section 562.021.3, which provides:

> 3. Except as provided in subsection 2 of this section and section 562.026, *if the definition of any offense does not expressly prescribe a culpable mental state for any elements of the offense, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly;* but reckless or criminally negligent acts do not establish such culpable mental state.

1997 Mo. Laws 643, 648 (emphasis added). This statutory provision was not in effect at the time *Hatton* was decided. Instead, at the time of *Hatton,* the Missouri statutes specifying the state of mind necessary to establish criminal liability was "in shambles," and the Supreme Court had recommended that legislators "should promptly address" the issue, which they did in the

1997 legislation. *State v. Carson,* 941 S.W.2d 518, 522 (Mo. banc 1997).[5]

A law review article recognized that the 1997 amendment of section 562.021 (and simultaneous amendment of section 562.026) "significantly altered the legislature's approach to culpable mental states"; the authors predicted that the amendments "will have far-reaching effects on the application of *mens rea* to criminal offenses in the State of Missouri as well as the instructions submitted to juries on those charges." James R. Wyrsch and Jacqueline A. Cook, *The Missouri Mens Rea Requirement: New Missouri Supreme Court Opinion and How the Requirement Has Changed,* 66 UMKC L.Rev. 499, 507, 508 (1998).

In response to the enactment of section 562.021.3 (and as predicted by Wyrsch and Cook), the Missouri Approved Instruction applicable to prosecutions under section 195.214.1 was amended in 1998, to explicitly require that the jury find that the defendant knowingly sold drugs within 2,000 feet of a school. Prior to the 1998 revision, MAI–CR3d 325.30 required the jury to find only that the defendant knew that the substance he delivered was a controlled substance. Consistent with the newly-enacted section 562.021.3, the amended instruction, effective October 1, 1998, required that the jury find that "the defendant acted knowingly" "with regard to the facts and circumstances submitted in this instruction," which *included* the fact that the drug sale occurred within 2,000 feet of a school. Notes on Use 3 explained the reason for expanding the *mens rea* requirement:

> not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly or recklessly, but criminal negligence is not sufficient." *See* 1993 Mo. Laws. 1553, 1560.

**5.** The confusion concerning *mens rea* at the time *Hatton* was decided stemmed largely from the General Assembly's 1993 repeal of what was then § 562.021.2, which had provided that "[e]xcept as provided in section 562.026[,] if the definition of an offense does

Since the statute does not prescribe a mental state, the crime is committed if the defendant "knowingly" distributes, delivers or sells a controlled substance on a school bus or on or within two thousand feet of a school. A mental state of "reckless" is not sufficient. Section 562.021.3, RSMo Supp.1997.

Relying on section 562.021.3 and the new Missouri Approved Instruction—and despite the Supreme Court's 1996 decision in *Hatton*—this Court held in *State v. White*, 28 S.W.3d 391 (Mo.App.2000),[6] that the State was required to prove that a defendant *knowingly* sold drugs within 2,000 feet of a school in order to sustain a conviction under section 195.214.1. We explained:

> Section 195.214 acts as a "penalty enhancement" provision, and it does not create a separate crime. *State v. Hatton*, 918 S.W.2d 790, 794 (Mo. banc 1996). Section 195.214 incorporates the elements of § 195.211 and adds the additional requirement that defendant's actions take place within 2000 feet of a school. In addition, § 195.214 is not a strict liability statute. Although sections 195.214 and 195.211 do not specifically mention a requisite mental state, § 562.021.3 provides that "if the definition of any offense does not expressly prescribe a culpable mental state for any elements of the offense, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly; but reckless or criminally negligent acts do not establish such culpable mental state." Therefore, in order for a defendant to be found guilty under either § 195.214 or § 195.111, he must have acted purposely or knowingly.

> A person acts "knowingly" or with knowledge when, concerning his conduct or attendant circumstances, he is aware of the nature of his conduct or that those circumstances exist. Knowledge may be proven by circumstantial evidence.

> The trial court properly used MAI–CR 3d 325.30 (10-1-98) to instruct the jury on the three counts of delivering a controlled substance within 2000 feet of a school. Under this instruction, the jury may find the defendant guilty of delivering a controlled substance within 2000 feet of a school only if it finds the defendant: (1) delivered a controlled substance, (2) within 2000 feet of a school, and (3) defendant did so knowingly with regard to all of the facts and circumstances.

*White*, 28 S.W.3d at 396 (other citations omitted). Based on its holding that the State was required to prove that the defendant *knowingly* sold drugs within 2,000 feet of a school, *White* reversed a defendant's conviction under section 195.214.1, finding that the evidence in the case was insufficient to permit the jury to find the necessary knowledge of proximity to a school. *Id.* at 396–97.

This Court, and the Southern District, followed *White* in three later, pre-*Minner* cases, each of which pre-dates Johnson's offenses. *See State v. McQuary*, 173 S.W.3d 663, 666–69 (Mo.App.W.D.2005); *State v. Crooks*, 64 S.W.3d 887, 890–91 (Mo.App.S.D.2002); *State v. Derenzy*, No. WD58982, 2001 WL 1566662, at \*2–\*3 (Mo. App.W.D. Dec. 11, 2001).[7] In each case, the court found the evidence *sufficient* to establish defendant's knowledge of his proximity to a school; nevertheless, each decision proceeded on the basis that

---

**6.** Mandate recalled on other grounds, 70 S.W.3d 644 (Mo.App.W.D.2002)

**7.** The Supreme Court later granted transfer in *Derenzy*, and reversed the defendant's conviction on other grounds. *See* 89 S.W.3d 472 (Mo. banc 2002).

knowledge-of-proximity was an essential element of the offense under section 195.214.1. Indeed, *Crooks* explicitly states that, "[t]o make its case [under section 195.214.1,] the state must prove that 1) Appellant sold a controlled substance; 2) the sale was within 2,000 feet of a school; and 3) Appellant did so knowingly with regard to all of the facts and circumstances." 64 S.W.3d at 890 (citing MAI–CR3d 325.30).

In a later decision, in which the trial was conducted before *Minner*'s overruling of *Hatton*,[8] we explained that

[d]espite *Hatton*, **this court has always read section 195.214 as having a knowledge requirement regarding proximity to schools.** [citing *McQuary, Crooks*, and *White* ]. Additionally, MAI–CR 3d 325.30, the instruction for section 195.214, has required proof of a defendant's knowledge since 1998, following an amendment of the statutes regarding application of a culpable mental state.

*State v. Roper,* 268 S.W.3d 392, 396 (Mo. App.W.D.2008) (emphasis added; citations and footnote omitted). *Roper* reversed a defendant's convictions under section 195.214.1, based on our conclusion that "[t]he State presented no evidence of Roper's knowledge that he was within two thousand feet of a school when he violated section 195.211." *Id.* at 397.

■ Given (1) the post-*Hatton* enactment of section 562.021.3; (2) the 1998 modification of MAI–CR3d 325.30; and (3) the multiple cases holding that knowledge-of-proximity was a necessary element of a prosecution under section 195.214.1, even before *Minner*, we find the conclusion inescapable that, at the time of Johnson's offenses, guilty plea, and sentencing, the governing law required that the State prove that he knowingly sold drugs within 2,000 feet of a school.

Accordingly, we are required to reverse the motion court's denial of post-conviction relief and remand the case to the motion court for further factual findings. Although the testimony of Johnson's plea counsel may have been equivocal, the motion court found that "Defendant's counsel operated under the correct understanding of the law then in effect—that it was not necessary for Defendant to *know* whether the sale was within 2,000 feet of a school." Johnson testified: (a) that at the time of the drug sales he did not know that he was within 2,000 feet of a school; (b) that at the time of his plea he did not know that the State would have to prove his knowledge of the distance to the school; and (c) that if he had known that knowledge-of-proximity was an element the State would have to prove, he would not have pled guilty and would have gone to trial. The plea colloquy suggests that Johnson did not know the proximity of his house (where two of the drug sales occurred) to the school, *even as of the time of his guilty plea.*

The motion court's Judgment states that "Defendant did not know (or at least it was not shown at the guilty plea hearing that he knew) that the drug sale was within 2,000 feet of a school." Given its conclusion as to the state of the law at the time of the offenses, guilty plea, and sentencing, however, the motion court made no definitive findings as to Johnson's knowledge of his distance from the school at the time of the drug sales, his knowledge of the *correct* elements of a section 195.214.1 prosecution, or whether he would in fact have gone to trial if properly advised. Because the motion court was wrong on the state of the law, however, each of these factual

---

8. *Minner* was decided on June 30, 2008, while *Roper* was decided on August 5, 2008.

issues will need to be resolved to decide Johnson's Rule 24.035 motion.

Based on the foregoing, we reverse the motion court's denial of Johnson's Rule 24.035 motion, and we remand to permit the motion court to make factual findings as to: Johnson's knowledge of his distance to the school when he sold the marijuana; whether he knew all of the elements of the crime to which he was pleading guilty; and, if not, whether he would have taken the case to trial had he known the proper elements of the crime.

## Point III: Ineffectiveness of Sentencing Counsel

■ In his final point, Johnson alleges ineffective assistance of counsel due to counsel's failure to advise him at sentencing as to "all of his options and potential consequences" of pleading guilty after the court proposed a new sentencing offer that called for a shorter total sentence with no probation. Johnson contends that this rendered his decision to proceed pursuant to the original plea agreement involuntary, unknowing, and unintelligent.

A claim that counsel was ineffective during sentencing is cognizable under Rule 24.035. *Griffin v. State*, 937 S.W.2d 400, 401 (Mo.App.1997). In order to prevail on his claim of ineffective assistance at sentencing, Johnson had to establish that his counsel failed to provide reasonably competent representation and that he was prejudiced by that failure. *Zink*, 278 S.W.3d at 175 (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052). To prove prejudice the movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

In deciding an ineffective assistance claim, the reviewing court is not required to address both prongs of the *Strickland* test. *Taylor v. State*, 382 S.W.3d 78, 81 (Mo. banc 2012) (citing *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052). If it is evident that the claim can be disposed of on a lack of prejudice, we need not determine whether counsel's performance was constitutionally deficient. *See id.* Here, Johnson fails to establish that he was prejudiced by sentencing counsel's alleged deficient performance in failing to discuss the court's alternative offer with him.

At the 24.035 evidentiary hearing, Johnson's plea counsel testified that she had discussed with Johnson that the plea agreement called for a large "backup" sentence and immediate probation. She told Johnson that, based on her experience with the prosecutor, if Johnson wanted immediate probation, this was the best offer he was going to get. She acknowledged that she had known the sentencing judge to make alternative offers to plea agreements but could not remember whether she had observed this prior to Johnson's sentencing; thus, she did not know whether she would have had reason to discuss such a possibility with Johnson prior to his sentencing. She had no record of having done so. Counselor Nelson, who represented Johnson at sentencing, testified that she had no recollection of the sentencing hearing but said that she had on occasion discussed a judge's alternative offer with a client if the client expressed an interest in it. She did not dispute that she did not ask for a recess after the judge proposed the alternative sentence in this case. Nevertheless, Johnson testified *only* that if either of his attorneys would have discussed with him the court's offer of a lesser sentence with no probation, he "would have considered it." He said he did not have sufficient time to contemplate and consider the proposal. But the record shows that he did, in fact, have the oppor-

tunity to *consider* the court's offer at the sentencing hearing, and he unequivocally refused it because it did not involve probation.

The transcript of the sentencing hearing shows the following:

Q [Court]: You've got 10 years hanging.

A [Defendant]: Thirty years hanging.

Q: It was running consecutive, isn't it?

Atty. Nelson: I believe Mr. Johnson has made some changes in his life and he has a reason to stay out now.

Q [Court]: The problem is that's an awfully big sentence and if you mess up, you'll be gone probably—oh you'll be gone quite awhile. How old are you?

A: Thirty-five.

Q: You're 35. You'll probably be 60 before you got out. Would you rather do a smaller sentence now and just go get it done? I can offer that to you.

A: *No, I'll go ahead with probation.*

Q: I just want you to remember that I offered you a smaller sentence here today and I'd be willing to do that and go serve it and come out and have it all behind you. You don't think you want to do that? I'm not sure you can walk the paper, you know.

A: *I'm sure I can.*

(Emphasis added.) The court said that many others also had assured him they could "walk the paper" and he wanted to give Johnson an "alternative" because if he came back to court it would be "10, 10, 10." Johnson told the court he understood that, but said that his "situation had changed" with the birth of his son. The court reminded Johnson of his criminal history and drug problem. Johnson said he had "got ahold of it" and was scheduled for a drug assessment later that month. Johnson also said he would "do whatever it takes" to complete his probation. Later, when the court asked Johnson if he had any questions, Johnson said he did not.

In denying this claim, the motion court cited the foregoing portion of the record. The court stated:

[A]t the sentencing hearing, Defendant/Movant twice, under oath, turned down the option of a shorter/executed sentence (when offered by Judge Griffin). When given one last opportunity to ask any questions at sentencing, Defendant declined. Defendant did not voice any interest in a shorter/executed sentence, though given three opportunities to speak to the issue. Defendant's plea to the charges was made freely, voluntarily, and with an understanding of the charges against him.

The motion court did not err in finding that Johnson's counsel was not ineffective for failing to intervene in his colloquy with the court to discuss the matter with him. The record shows that Johnson understood the court's offer but was not interested in it because it did not involve probation. This point is denied.

### Conclusion

Because we conclude that the motion court erred in determining that the defendant's knowledge of his proximity to a school was not an element of a section 195.214.1 prosecution at the time of the offenses, guilty plea, and sentencing, we reverse the denial of the Rule 24.035 motion, and we remand for the motion court to make findings in accordance with this opinion.

All concur.