**Joshua Daniel HEWITT,**
**Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent–**
**Respondent.**

**No. SD 34409**

Missouri Court of Appeals,
Southern District,
Division Two.

Filed February 14, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 2017

Attorney for Appellant: Lisa M. Stroup, St. Louis, Missouri

Attorneys for Respondent: Chris Koster, Attorney General, and Dora A. Fichter, Assistant Attorney General, Jefferson City, Missouri

GARY W. LYNCH, P.J.–OPINION AUTHOR

Joshua Daniel Hewitt ("Movant") timely appeals the motion court's denial of his amended Rule 24.035 motion for post-conviction relief.[1] In the underlying criminal cases giving rise to his amended motion, he was charged with tampering with a motor vehicle, in violation of section 569.080, and forgery, in violation of section 570.090.[2] On July 17, 2012, Movant pleaded guilty to both charges and his plea was accepted by the plea court. The plea court acknowledged Movant's plea agreement with the State that specified that he would be sentenced to four years in the Department of Corrections ("DOC") for tampering and seven years for forgery with those sentences to be served consecutively; however, the trial court delayed sentencing Movant in order to resolve some logistical issues related to conditions of probation upon suspending execution of Movant's sentences, as provided in the plea agreement. The following day, July 18, 2012, the plea court imposed sentences against Movant of four years and seven years and ordered those sentences to run consecutively. The trial court suspended execution of those sentences and placed Movant on

---

1. Rule references are to Missouri Court Rules (2016).

2. Statutory references are RSMo Cum.Supp. 2011.

probation for five years conditioned upon Movant's successful completion of in-patient drug treatment and then drug court.

At a probation violation hearing held on April 9, 2013, Movant admitted that he violated conditions of his probation, and the court ordered the previously imposed sentences to be executed. Defendant was advised of his Rule 24.035 right to file a motion for post-conviction relief at that time. Movant was thereafter delivered to the DOC.

Movant timely filed, on June 19, 2013, a Rule 24.035 motion to vacate, set aside, or correct the judgment or sentence. Because the chronology and timing of procedural events thereafter is critical to the resolution of this appeal, we relate those events in table format for clarity and ease of reference, as follows:

| Date | Event |
|---|---|
| June 19, 2013 | Movant filed his initial Rule 24.035 motion. |
| July 8, 2013 | Motion court appointed "Central Appellate Division of the State Public Defender" as counsel for Movant and granted a thirty-day extension of time within which appointed counsel could file an amended motion. |
| January 29, 2014 | Attorney Amanda L. Oesch entered her appearance on behalf of Movant and requested that the Scott County Circuit Clerk "prepare a transcript of the guilty plea and sentencing hearings in this case, which were held on July 17, 2020 [sic] in Scott County." |
| April 9, 2014 | The transcripts of Movant's July 17, 2012 plea hearing and July 18, 2012 sentencing hearing were filed. |
| September 3, 2014 | District Defender Scott Thompson entered his appearance on behalf of Movant and filed a "Motion to vacate and reappoint counsel" alleging that Attorney Oesch "informed the public defender, after reviewing the sentencing transcript, that she had appeared as the prosecutor at Movant's sentencing hearing," and that Attorney Oesch "alerted the public defender of this conflict on or about July 25, 2014."[3] <br><br> The motion court entered an order that provided, "[p]ursuant to the motion of District Defender Scott Thompson, the Court hereby vacates its original appointment of counsel and reappoints counsel for good cause shown. The Court appoints Scott Thompson as counsel for Movant and further grants him an additional 30 days in which to file an amended motion." |
| October 10, 2014 | Assistant Public Defender Lisa Stroup entered her appearance on Movant's behalf, and in that same filing attorney Scott Thompson stated that he "withdraws as attorney for movant."[4] |
| February 2, 2015 | Attorney Stroup requested that the Scott County Circuit Clerk prepare a transcript of the probation revocation hearing held on April 9, 2013. |
| April 6, 2015 | Transcript of April 9, 2013 probation revocation hearing was filed. |
| July 6, 2015 | Attorney Stroup filed amended Rule 24.035 motion on Movant's behalf. |
| January 11, 2016 | Evidentiary hearing held on Movant's amended motion. |
| February 29, 2016 | Motion court entered and filed "Judgment and Findings of Fact and Conclusions of Law" denying Movant's amended motion. |

Rule 24.035 requires that an amended motion be filed within a specific timeframe, as pertinent here:

> If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 24.035(g). "'The time limits for filing a post-conviction motion are mandatory. The movant is responsible for timely filing the initial motion, and appointed counsel must timely file either an amended motion or a statement that the pro se motion is sufficient.'" *Moore v. State*, 458 S.W.3d 822, 827 (Mo. banc 2015) (quoting *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014)).

The State contends in its brief that Movant's amended motion was originally due by July 9, 2014 (ninety days after the transcript of the guilty plea and sentencing was filed in the motion court on April 9, 2014, because counsel previously had been appointed on July 8, 2013) and, "[a]ssuming that the reappointment of counsel [on September 3, 2014,] was a de facto finding of abandonment and that it restarted the time for filing an amended motion, the new date for filing of an amended motion was December 3, 2014." Therefore, the State argues that the amended motion filed on July 6, 2015, was not timely.

Movant's reply brief contends that the amended motion was timely filed because Rule 24.035(g) requires a "complete transcript consisting of the guilty plea and sentencing hearing[ ]" and the transcript of Movant's sentencing hearing was not "complete" until the transcript of Movant's April 9, 2013 probation revocation hearing was filed on April 6, 2015. In support of this argument, Movant relies on Rule 29.07(b)(4), which requires the court to inform a defendant of the right to proceed under Rule 24.035.[5] Movant reasons that because (1) Rule 29.07(b)(4) requires that a defendant be given notice of his rights under Rule 24.035 "at the conclusion of final sentencing" and (2) such notice was not given at the July 18, 2012 sentencing hearing, but rather at the conclusion of the April 9, 2013 probation revocation hearing, the latter must be Movant's "final sentencing" and, as such, was part of Movant's sentencing hearing, as that term is used in Rule 24.035(g).

Movant's reasoning fails because his first premise is incorrect. Rule 29.07(b)(4) does not require that a defendant be given notice of his right to proceed under Rule 24.035 at the conclusion of every final sentencing. Rule 29.07 reads, in pertinent part: "*If* a defendant has a right to proceed under Rule 24.035 or Rule 29.15, the court at the conclusion of final sentencing shall advise the defendant of such right[.]" Rule 29.07(b)(4) (emphasis added). A defendant's right to proceed under Rule 24.035 only arises, however, when he is

---

5. Movant cites three cases in support of this argument: *Johnson v. State*, 407 S.W.3d 63 (Mo.App. 2013), *Eichelberger v. State*, 134 S.W.3d 790 (Mo.App. 2004), and *Sutton v. State*, 966 S.W.2d 337 (Mo.App. 1998). None of these cases support Movant's argument that the transcript of the probation revocation proceedings are part of the sentencing where sentence has been imposed but the execution of the sentence suspended.

"delivered to the custody of the department of corrections."[6] Rule 24.035(a). During the July 18, 2012 sentencing hearing, the plea court completely and finally imposed a sentence against Movant on each of the two charges. The plea court, however, suspended execution of Movant's imposed sentences and placed him on probation. Because execution of his sentences was suspended, Movant was not to be delivered to the DOC and, therefore, had no right to proceed under Rule 24.035 at that time. If he had successfully completed his probation, he never would have been delivered to the DOC on these sentences and would have never had any right to proceed under Rule 24.035. Nothing in Rule 29.07(b)(4), therefore, imposed any requirement upon the plea court to advise Movant of his Rule 24.035 rights at the conclusion of Movant's sentencing on July 18, 2012, or in any manner rendered Movant's sentences as entered on that date incomplete or less than final in any respect.

Here, with the thirty-day extension granted by the motion court as allowed by Rule 24.035(g),[7] appointed counsel should have filed an amended motion or a statement in lieu of an amended motion by July 9, 2014, and, if appointed counsel abandoned Movant, reappointed counsel should have filed an amended motion or a statement in lieu of an amended motion by December 3, 2014, as the State contends. The record reflects that none of Movant's appointed counsels—Oesch, Thompson, or Stroup—timely filed an amended motion or a statement in lieu of an amended motion.

■ After counsel is appointed to represent a movant in a post-conviction proceeding, appointed counsel's failure to timely file an amended motion "can constitute 'abandonment' of the movant." *Moore*, 458 S.W.3d at 825. *See also Sanders v. State*, 807 S.W.2d 493, 494–95 (Mo. banc 1991).

"Abandonment occurs when (1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner."

*Taylor v. State*, 254 S.W.3d 856, 858 (Mo. banc 2008) (quoting *Barnett v. State*, 103 S.W.3d 765, 773–74 (Mo. banc 2003)). " 'The absence of a record of post-conviction counsel's attention to the *pro se* motion 'creates a presumption that counsel failed to comply with the rule.' " *Moore*, 458 S.W.3d at 825 (quoting *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991)).[8] That presumption exists here for all of Movant's appointed counsels.[9]

---

**6.** Rule 24.035(a) states:

A person convicted of a felony on a plea of guilty *and delivered to the custody of the department of corrections* who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States ... may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035.

(Emphasis added.)

**7.** Rule 24.035(g) provides in relevant part, "The court may extend the time for filing the amended motion for one additional period not to exceed thirty days."

**8.** Rules 29.15(e) and (g) mirror the language set out in Rules 24.035(e) and (g), respectively, in proscribing post-conviction counsel's duties and the time for filing an amended post-conviction motion following appointment of counsel. Cases analyzing Rules 29.15(e) and (g) are applicable here. *See Price v. State*, 422 S.W.3d 292, 298 (Mo. banc 2014).

**9.** The State provides no authority for its position that reappointment of counsel is a de facto finding of abandonment and we are aware of none. The trial court must conduct

■ Where the record reflects that appointed post-conviction counsel failed to comply with the requirements set out in Rule 24.035(e), raising a presumption of abandonment, the motion court must undertake an independent inquiry into the performances of both the movant and counsel. *Vogl v. State*, 437 S.W.3d 218, 229 (Mo. 2014); *Bello v. State*, 464 S.W.3d 284, 292 (Mo.App. 2015). If any delay in the filing of an amended motion or statement in lieu thereof is attributable to the negligence or intentional conduct of the movant, late filing of an amended motion will not be permitted, *Sanders*, 807 S.W.2d at 495, and "movant is entitled to no relief other than that which may be afforded upon the *pro se* motion[,]" *Luleff*, 807 S.W.2d 495, 498 (Mo. banc 1991). "If a court finds that a movant has been abandoned, then the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred." *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008). "[T]he only way to restore the motion court and parties to the position Rule [24.035(e)] intends for them is for the motion court to appoint new counsel and allow additional time for this counsel to perform the duties required" under the rule. *Price*, 422 S.W.3d at 298.

■ Here, there is nothing in the record to indicate that the required independent inquiry into the issue of abandonment as to any appointed counsel was undertaken by the motion court. "When the independent inquiry is required but not done, this [c]ourt will remand the case because the motion court is the appropriate forum to conduct such an inquiry." *Moore*, 458 S.W.3d at 826. Accordingly, remand to the motion court for an independent inquiry into whether Movant was abandoned by an independent inquiry of abandonment for

appointed post-conviction counsel or counsels is appropriate here.

The motion court's judgment denying Movant's untimely amended motion for post-conviction relief is reversed, and the case is remanded to the motion court with directions that it conduct an independent inquiry into whether Movant was abandoned by any or all of his appointed counsels and for further proceedings consistent with the outcome of those inquiries.

NANCY STEFFEN RAHMEYER, J.–concurs

WILLIAM W. FRANCIS, JR., J.–concurs

each appointed counsel.