

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
      Plaintiff-Respondent, )
)
v. )      No. SD37981
)      Filed: July 18, 2024
RYAN ROBERT HOUSTON, )
)
      Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jerry A. Harmison, Jr., Circuit Judge

### <u>AFFIRMED</u>

Following a jury trial, Ryan Houston (Defendant) appeals his conviction for the Class B felony of second-degree assault against a special victim. *See* § 565.052.[1] In a single point on appeal, Defendant challenges the evidence supporting his conviction. He argues that the State failed to prove that Defendant knew the victim was a "special victim." *See* § 565.052.3. Because the statute defining the offense requires no such proof, we affirm.

---

[1] All statutory references are to RSMo (2016), unless otherwise specified. All rule references are to Missouri Court Rules (2023).

**Factual and Procedural Background**

Defendant was involved in a motor vehicle collision on October 16, 2018, while driving a Chevy Tracker. The owner of the Tracker had started his car that morning, gone back inside his home to get his coffee, and returned to find the car was gone. The owner had not given anyone else permission to drive the Tracker, and he called 911 to report the missing vehicle.

Later that morning, L.N. (Victim) was driving her vehicle westbound on a four-lane road. A witness to the collision testified that he had been driving at 35 miles per hour in the same direction as Victim when Victim passed him "at a very slow rate." Shortly after, the witness saw the Tracker run through a stop sign and crash into the passenger's side of Victim's vehicle. Victim stated that she saw the Tracker approaching from the side and not slowing, so she tried to brake, but the two vehicles still collided. Victim testified that she suffered serious injuries from the collision and spent five days in the hospital. She was 61 years old at the time of the crash.

Officer Eric Dye responded to the scene of the crash. He testified that he saw Defendant being extracted from the driver's seat of the Tracker by firefighters. Officer Dye observed Defendant bleeding on his face and the side of his head. Forensic testing would later show that Defendant's blood matched two blood samples taken by Officer Dye from the driver's side airbag in the Tracker. Officer Dye also spoke to a passenger of the Tracker, who stated that Defendant had been driving the car. During the course of his investigation, Officer Dye discovered that the Tracker had been reported stolen.

Defendant was charged with first-degree tampering and second-degree assault against a special victim. The amended information alleged that Defendant "recklessly

caused serious physical injury to [Victim] by running a stop sign and striking [Victim's vehicle.]" Defendant was charged as a persistent offender based on two prior convictions for second-degree robbery and possession of a controlled substance. The trial court found Defendant to be a persistent offender. After a jury trial, Defendant was found guilty on both charges.[2] The trial court sentenced Defendant to ten years' imprisonment for each offense, with the sentences to run concurrently. This appeal follows.

## Preservation and Standard of Review

Defendant did not raise the issue of his knowledge of Victim's status as a special victim before the trial court. However, "a claim that there is insufficient evidence to sustain a criminal conviction is preserved for review without regard to whether it was raised below." *State v. Claycomb*, 470 S.W.3d 358, 359 (Mo. banc 2015); Rule 29.11(d)(3). Although Defendant's point on appeal does not explicitly state a challenge based on the sufficiency of the evidence, the gist of his argument is that the State failed to prove an element of the offense that he alleges was required to be proved. We will consider sufficiency-of-the-evidence claims even if not properly briefed on appeal. *Claycomb*, 470 S.W.3d at 361-62. Therefore, we treat Defendant's point as challenging the sufficiency of the evidence to support his conviction and review that issue on the merits.

Our review of a claim regarding sufficiency of the evidence is "limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt." *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016). We must consider all evidence in the light most

---

[2] On appeal, Defendant does not challenge his conviction for tampering.

3

favorable to the verdict and grant the State all reasonable inferences.  *Id*.  Any contrary evidence and inferences are disregarded.  *Id*.

### Discussion and Decision

In Defendant's sole point on appeal, he argues that § 565.052.3, the statute defining the offense of second-degree assault against a special victim, requires the State to prove that a defendant knew of the victim's special status.  He contends the State failed to do so in the case at bar because there was no evidence that Defendant knew or should have known that the driver of the vehicle he struck was an elderly person.

This argument requires us to review the language of the statute, which provides in relevant part:

> 1.  A person commits the offense of assault in the second degree if he or she:
>
>> (1) Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or
>>
>> (2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; or
>>
>> (3) Recklessly causes serious physical injury to another person; or
>>
>> (4) Recklessly causes physical injury to another person by means of discharge of a firearm.
>
> ….
>
> 3.  The offense of assault in the second degree is a class D felony, unless the victim of such assault is a special victim, as the term "special victim" is defined under section 565.002, in which case it is a class B felony.

§ 565.052.  One such "special victim" established by § 565.002(14) is "[a]n elderly person[,]" which § 556.061 defines as "a person sixty years of age or older[.]"[3]

---

[3] References to § 565.002 are to RSMo Cum. Supp. (2018).

"Legislative intent not to require a culpable mental state for each element of the crime must be clearly apparent before a particular statute will be construed not to require proof of such culpability." **State v. Self**, 155 S.W.3d 756, 762 (Mo. banc 2005). In reviewing § 565.052, we can find clear legislative intent to not require a culpable mental state for the special-victim element by looking to another section of the criminal code. Section 562.021.2 states:

> If the definition of an offense prescribes a culpable mental state with regard to a particular element or elements of that offense, the prescribed culpable mental state shall be required *only* as to specified element or elements, and a culpable mental state shall not be required as to any other element of the offense.

*Id*. (emphasis added). Section 565.052 establishes specific mental states for the actual commission of assault – in this case case, *recklessly* causing physical injury to another person – but does not prescribe any mental state for the special-victim element. Therefore, pursuant to § 562.021.2, no proof of a particular mental state is required for this element.

Defendant's reliance on **State v. Minner**, 256 S.W.3d 92 (Mo. banc 2008), is misplaced. **Minner** involved a statute defining a drug offense which prescribed no specific mental state. *Id*. at 94-95. That statute, therefore, implicated a different portion of § 562.021, which compelled the Court to impose a knowledge requirement. *Id*. at 95; *see* § 562.021.3. In the present case, however, where a mental state is prescribed for one element of the offense but not another, § 562.021.2 applies, and the State need not prove a defendant had knowledge of a victim's special status. Defendant also relies on two United States Supreme Court cases interpreting the required mental state for a criminal offense, **United States v. X-Citement Video, Inc.**, 513 U.S. 64 (1994), and **Flores-Figueroa v. United States**, 556 U.S. 646 (2009). These cases are inapposite as well because they

5

involve only general principles of statutory interpretation under federal law rather than the application of a specific statute like § 562.021, which explicitly outlines how to interpret the mental state required by different statutes defining criminal offenses.

Because § 565.052.3 does not require proof that a defendant knew of a victim's special status, the State needed only to prove that: (1) Defendant recklessly caused serious injury to Victim; and (2) Victim was sixty years of age or older.[4] Several eyewitnesses saw the Tracker drive through a stop sign into oncoming traffic and collide with Victim's vehicle. Officer Dye's testimony supports a finding that Defendant was driving the Tracker. Victim testified that she was seriously injured and was 61 years old at the time of the crash. Therefore, there was sufficient evidence from which the jury could have found Defendant guilty of second-degree assault against a special victim. Point 1 is denied.

The judgment of the trial court is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCUR

JENNIFER R. GROWCOCK, J. – CONCUR

---

[4] Because a person's status as a special victim can enhance punishment, that fact must be submitted to the fact-finder and proved beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (same holding); *State v. Perry*, 645 S.W.3d 713, 716 (Mo. App. 2022) (same holding). In the present case, both elements of this offense were submitted to the jury in the verdict director, Instruction No. 8.